CLARISSA PENCE and others *vs.* JACOB PENCE and others.

On a bill filed for an account and to execute the trust created by a deed absolute on its face, but which in point of fact was executed upon certain trusts, *viz.* to satisfy the debts of the grantor, and then for the use and benefit of his family, the widow and heirs of the grantor are not only proper but necessary parties.

All persons whose interests are involved in the issue, and who must necessarily be affected by the decree, are necessary parties.

*Shipman,* for complainants.

*Vliet,* for defendants.

THE CHANCELLOR. This bill is filed by the widow and heirs at law of Martin Pence, deceased, to obtain relief against a conveyance executed by Pence in his lifetime to the defendant, Jacob Pence.

The grounds of demurrer are—

1. That the widow and heirs are improperly joined as complainants.

2. That the bill prays an account of rents and profits in the lifetime of Martin Pence which belong to the administrator, and not to the widow and heirs.

3. That the bill seeks to recover the proceeds of a note belonging to Martin Pence which was collected and misappropriated by the defendant.

4. That the bill prays an account not only of the rents and profits of the land and of the proceeds of the note, but for all other moneys collected by the defendant belonging to Martin Pence.

The demurrer appears to have been filed under a misapprehension of the real purpose of the bill. If the object of the bill be to set aside the deed as fraudulent and void on the ground of the mental imbecility of the husband, and of actual fraud practised upon the wife to induce her to assign her dower; if the relief sought by the widow

Y*

and heirs and the grounds of that relief are entirely distinct; if the widow and heirs of Martin Pence are seeking an account of the personal property of Martin Pence with a view to its recovery, the bill is obnoxious to all the objections raised by the demurrer. It is bad for multifariousness, and the complainants, as the widow and heirs of Martin Pence, are seeking relief to which his administrators are alone entitled.

But the real purpose of the bill is not to avoid the deed, but to establish trusts under it, and to have those trusts executed. The charge is, that the deed, though absolute upon its face, was in fact executed upon certain trusts, *viz.* to satisfy the debts of the grantor, and then for the use and benefit of his family; that the debts have been satisfied by the rents and profits of the real estate and by certain moneys of the grantor received by the trustee, and that the *cestui que trusts* are consequently entitled, under the terms of the agreement, to have an account taken and the trust executed. To the bill, in this aspect, the widow and heirs of the grantor are not only proper but necessary parties. All persons whose interests are involved in the issue, and who must necessarily be affected by the decree, are necessary parties. 1 *Daniels' Pr.* 240, and *note* 2.

And for the purpose of having the alleged trusts executed, it is necessary that an account should be taken not only of the rents and profits of the real estate but also of all the moneys of Martin Pence received by the defendant, either in the lifetime of Martin Pence or since his death, and which in equity ought to be appropriated for the payment of his debts; not that the personal property thus received may be recovered by the complainants, but that it may be ascertained whether it has been applied toward the payment of debts, and whether the trust has been executed.

The bill is not carefully drawn, and there are expressions, both in the statements and in the prayer of the bill,

which seem to militate against the foregoing view of its scope and design; but they do not appear to me materially to affect its character, and they certainly do not operate to render the bill available for any other purpose than that stated.

The complainant will not be permitted, under the present frame of his bill, either to have the deed set aside as fraudulent or to recover personal assets of Martin Pence which came to the hands of the defendant in his lifetime. If such is the design of the complainant the bill should be amended.

The demurrer is overruled.