# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### OCTOBER TERM, 1864.

---

### ALFRED B. SEYMOUR *vs.* THE LONG DOCK COMPANY.

1. Before issue joined, where the pleadings on file have not been sworn to, amendments to the bill are permitted as the purposes of the party may require.

2. After issue joined and before the taking of testimony, the complainant will be permitted to withdraw his replication and amend his bill as his case may require. But after witnesses have been examined, the time for allowing amendments, except the addition of defendants, or such as do not substantially alter the case, has passed.

3. After the taking of testimony, if there be an imperfection in the frame of the bill, if the case as stated is insufficient to warrant the relief prayed for or to ground a complete decree, if some other point seems necessary to be made, or some additional discovery is found requisite, the complainant must resort to a supplemental bill.

4. If the bill is defective for want of parties, the complainant will be permitted to amend by adding the proper parties. So leave will be given at the hearing to amend, when a matter has not been put in issue by the bill with sufficient precision; also, to amend the prayer for relief, or any clerical mistake or mis-statement.

5. After general demurrer for want of equity, amendments are granted only where there is some defect as to parties, or some omission or mistake

of a fact or circumstance connected with the substance of the case, but not forming the substance itself.

6. Where, upon the final hearing, or even after appeal, it appear clearly from the evidence, that the complainant has a case which entitles him to relief, but which, by reason of some defect or omission in the charges or allegations of the bill, is not brought fairly within the issue, he will be permitted to adapt the allegations of the bill to the case as proven. Such amendment however will only be allowed after the testimony is closed.

7. Where the proposed amendments would change the issue, or introduce new issues, or materially vary the grounds of relief, they must be introduced by supplemental bill.

8. The allowance of amendments after issue joined, is a matter of indulgence to be granted in the discretion of the court.

---

This case came before the court upon a motion to amend the bill as filed, by adapting the allegations with greater precision to the facts already proved. A large mass of testimony had been taken, and the evidence was still in progress.

*Mr. Gilchrist*, for complainant, in support of the motion.

We ask to amend the bill without prejudice to the evidence already taken. Such amendment will be allowed. *Cooper* v. *Ricardo*, 2 *Seaton on Decrees* 1253; *Champneys* v. *Buchan*, 3 *Drewry* 5; *Story's Eq. Pl.*, § 891.

Amendments will be allowed to present the complainant's claim with more precision upon facts already proved. 1 *Hoffman's Ch. Pr.* 284, 304; *Willis* v. *Evans*, 2 *Ball & B.* 225; 1 *Newland's Ch. Pr.* 197; *Hill* v. *Beach*, 1 *Beas.* 31, 35, 41; *Davison* v. *Davison*, 2 *Beas.* 252; *Andrews* v. *Farnham*, 2 *Stockt.* 91; *Mavor* v. *Dry*, 2 *Sim. & Stu.* 113.

*Mr. A. O. Zabriskie*, for defendants, contra.

THE CHANCELLOR. The cause being at issue, and evidence having been taken on both sides, the complainant moved to amend his bill without prejudice to the evidence already taken.

The question presented is whether the amendments proposed are proper to be made at this stage of the proceedings.

Before the pleadings are brought to a termination, that is before the issue is finally made up between the parties, amendments, where the pleadings on file have not been sworn to, are permitted with the utmost liberality, as the purposes of the party may require. The complainant may vary his case by amendment in any way he pleases, however inconsistent with or repugnant to the original bill. A bill to set aside a deed has been permitted by amendment to be made a bill to establish the deed. A bill to invalidate the encumbrance of a mortgage has been converted into a bill to redeem the mortgage. *Mitford's Pl. (by Jeremy)* 324; *Mavor* v. *Dry*, 2 *Sim. & Stu.* 113; *Buckley* v. *Corse, Saxton* 510; 1 *Hoffman's Ch. Pr.* 304.

At this stage of the proceedings, it was remarked by the Chancellor, in *Buckley* v. *Corse,* it is difficult to draw a line beyond which the complainant may not pass in changing his case. And it seems absolutely essential to the ends of justice that this extreme degree of indulgence should be allowed, for from the character of the proceedings, the merits of the complainant's case are not unfrequently disclosed by the answer.

And even after issue joined, and before the taking of testimony, the complainant will be permitted to withdraw his replication and amend his bill, as his case may require. *Champneys* v. *Buchan,* 3 *Drewry* 5; 1 *Hoffman's Ch. Pr.* 286.

But after witnesses have been examined, the time for allowing amendments, except the addition of defendants or such as do not substantially alter the case, has gone by. *Gresley's Eq. Ev.* 23; *Mitford's Pl. (by Jeremy)* 325, 55; 1 *Hoffman's Ch. Pr.* 284, 393; *Shephard* v. *Merril,* 3 *Johns. Ch. R.* 423; *Thorn* v. *Germand,* 4 *Johns. Ch. R.* 363; *Goodwin* v. *Goodwin,* 3 *Atk.* 370; *Stafford* v. *Howlett,* 1 *Paige* 200.

From this time, if there be an imperfection in the frame of the bill, if the case as stated is insufficient to warrant the relief sought for or to ground a complete decree, if some other point appears necessary to be made, or some addi-

tional discovery is found requisite, the complainant must resort to a supplemental bill. The time for amendment has passed. *Mitford's Pl. (by Jeremy)* 55, 326; *Story's Eq. Pl.*, § 888, 891; 1 *Hoffman's Ch. Pr.* 393; *Shephard* v. *Merril*, 3 *John. Ch.* 423.

This is not a mere arbitrary rule, but rests upon clear and familiar principle, and is a valuable safeguard of the rights of parties. The evidence must be confined to the issue. The allegations and proofs must correspond. To prove a charge not made by the bill, and to make a charge not sustained by proof, are alike inoperative to sustain a decree. In one case there is no evidence; in the other it is rejected as impertinent. The complainant fails alike in both cases for want of proof.

As already stated, it is a recognized exception to the general rule, that if the bill is defective for want of parties, the complainant will be permitted to amend by adding the proper parties. So when a matter has not been put in issue by the bill with sufficient precision, the court, upon the hearing, has given leave to amend. So the complainant will be permitted, upon the hearing, to amend his prayer for relief, or any clerical mistake or mis-statement. But neither of these amendments vary the issue between the parties, nor as a general rule do they at all affect the relevancy of the evidence offered.

But except in the case of infants, who are permitted to amend without restriction, the general principle is clear, that amendments are not permitted which will vary the issue between the parties, or substantially vary the charges of the bill.

Even after general demurrer for want of equity, amendments are granted only where there is some defect as to parties, or some omission or mistake of a fact or circumstance connected with the substance of the case, but not forming the substance itself. *Lyon* v. *Tallmadge*, 1 *Johns. Ch. R.* 184.

There is a class of cases in which, by recent practice, more liberality of amendment has been allowed. Thus, where

upon the final hearing, or even after appeal, it appears clearly from the evidence, that the complainant has a case which entitles him to relief, but which, by reason of some defect or omission in the charges or allegations of the bill, is not brought fairly within the issue, he will be permitted to adapt the allegations of the bill to the case as proven. It is within this class of cases that the complainant seeks to bring the present application. I find no case of such order being made before the testimony is closed. There is a very decided objection to permitting a complainant to vary his allegation and mould the issue according to the real or supposed exigency of the case, while the testimony is being taken. The cases cited do not support this application.

In *Champneys* v. *Buchan*, 3 *Drewry* 5, the replication was permitted to be withdrawn, and the amendment made before any testimony had been taken. It was a case of erroneous allegations which did not however change the issue.

In *Bierdermann* v. *Seymour*, 1 *Beas.* 594, the bill was filed to carry a will into execution. Upon the hearing, it appeared that there was a defect of parties, and that the bill did not contain such charges and allegations as were necessary to enable the court to carry the will into execution. Leave was given to put the bill in proper shape, either by amending, or filing a supplemental bill.

In *Watts* v. *Hyde*, 2 *Phill.* 406, Vice-Chancellor Knight Bruce, at the hearing, being of opinion that the facts in evidence would have made a more favorable case for the plaintiff than that made by the bill, and one which, if unanswered, would entitle the plaintiff to the relief actually prayed, permitted the plaintiff to amend the bill accordingly, but not to extend or vary the prayer or require any answer to the amendment. This, I think, was in accordance with the settled practice of this court. But Lord Chancellor Cottenham reversed the decision of the Vice-Chancellor, regarding the order as a departure from the settled practice of the court and a dangerous innovation.

P *

In *Hill* v. *Filkin*, 2 *P. W.* 13, the amendment was ordered by Lord Macclesfield, at the hearing, to adapt the statements of the bill to the truth of the case. The character of the amendments do not clearly appear by the report. A motive for the indulgence may perhaps be found in the fact stated by the Chancellor, that both parties pretended great poverty.

The case mainly relied on in support of the application, is that of *Darnley* v. *London, Chatham, and Dover Railway Company*, before the Lords Justices, on appeal, 9 *Jurist* (*N. S.*) 452. I have not seen the original report, and rely upon the accuracy of a manuscript note furnished by counsel. The company agreed to construct on the complainant's estate such crossings, and of such kind, as should be directed by an engineer. The engineer made his award. The company objected that the award was not made in time. Bill was filed for specific performance of agreement and award. Upon final hearing on pleadings and proofs, the Vice-Chancellor decided that there was a waiver of the time, that the award was valid, and decreed specific performance. The company appealed. The lords justices held that there was no waiver as to time, that the award was invalid, and that no relief could be had on the record as it then stood. The question was, whether the bill should be dismissed, or the plaintiff have leave to amend so as to give relief upon the agreement, irrespective of the award. Leave to amend was granted. It is not improbable that the decision rests upon some recent statute respecting amendments. The language of Lord Justice Turner is very broad. He says, speaking generally, I should say that leave should be given to amend where the matters proposed to be introduced are *connected* with the matters in issue, but refused where they are not. This grants a latitude of amendment quite as broad as would be allowed to a party before issue joined. It would enable the complainant to make a case not only inconsistent with, but directly repugnant to the case made by the original bill. This is in direct conflict with the opinions of Lord Hardwicke and Chancellor Kent in the cases already cited.

The case itself may possibly be reconciled with other opinions, inasmuch as it was merely permitting the complainant to adapt his bill to the truth and fact of the case, as it appeared upon the evidence. But the decision has no applicability to a case where the testimony is not closed and the evidence still in progress. It will not be pretended that during the taking of the testimony, the substance of the issue can be changed. It does not support the present application.

From an examination of the amendments proposed, and of the original bill, it appears to me that they do not change the issue between the parties, nor materially alter the grounds upon which the complainant rests his case in his bill as filed. If this be so, there is no real necessity for the amendments. But if I am mistaken in this view, if in point of fact the proposed amendments do change the issue, or introduce new issues, or materially vary the grounds of relief, the proposed amendments should be introduced, according to the practice of the court, by supplemental bill.

The character of the bill is peculiarly complicated. The amount involved is very large; the sum claimed being nearly $400,000. It is alleged by counsel that the amount depending on one of these amendments exceeds $100,000. Numerous witnesses have been examined. A large mass of testimony has been taken. The complainant himself has been for several days upon the witness stand, and his cross-examination has not yet been commenced. To introduce material changes into the frame of the bill, to vary the issues, to shift the grounds of controversy, at this stage of the cause, must be fraught with danger and embarrassment in the conduct of the suit.

The allowance of the amendments is a matter of indulgence to be granted at the discretion of the court. *Bierdermann* v. *Seymour,* 1 *Beav.* 597 ; 1 *Eden on Inj.* 148–2, *note ; Watts* v. *Hyde,* 2 *Phill.* 410.

There is no purpose to deprive the complainant of an op-

portunity of bringing his case fully before the court in the mode most favorable to his interest, so far as it can be done consistently with the ends of justice and the rights of the defendant.

If, in the opinion of his counsel, the amendments are essential to the full presentment of the complainant's claim, they may be effected according to the well settled practice of the court, by supplemental bill.

The question of costs is reserved.