ANNIE E. LOGAN

*v.*

WILLIAM H. FLATTAU.

[Decided October 4th, 1907.]

1. Injunction to restrain an action at law will lie where the subject-matter thereof has been considered by the chancery court, and the same issues determined against defendant.

2. Defendant's bill for specific performance of a contract to sell land, upon which he had made a payment, was dismissed because it exhibited the vendor's inability to perform, and the vendee not presenting a case justifying award of damages for the breach of the contract.—*Held,* that the decree does not estop him from rescinding the contract and recovering the payment, since the court in the first suit was without jurisdiction to pass upon such matter, and injunction will not lie to restrain a suit to recover the same.

3. A prayer for general relief in a specific performance suit does not authorize a decree for the repayment of money paid when the contract was signed, because there is an adequate remedy at law to recover the payment.

On bill for injunction to restrain an action at law.

*Mr. J. Fithian Tatem,* for the complainant.

*Mr. John W. Slocum,* for the defendant.

BERGEN, V. C.

This application for a preliminary injunction restraining a suit at law is based upon the claim that the subject-matter of the action at law has been under the consideration of this court, and the same issues determined against the defendant. If this be true the complainant is entitled to the relief sought. *Putnam* v. *Clark, 34 N. J. Eq.* (*7 Stew.*) *532.*

The facts are as follows: Complainant agreed to sell, and de-

fendant to buy, certain real estate; at the time a written contract expressing the agreement was executed defendant paid complainant $1,500 on account of the purchase price; on the day fixed for completing the contract the parties met, and complainant stated that she was unable to convey the title she had contracted for, because there were encumbrances on her land which she could not remove.

Without seeking to rescind the contract and recover the payment made on account thereof, defendant filed his bill of complaint in this court for the specific performance of the agreement, stating facts which disclosed that the vendor could not perform her contract. The bill contained a prayer for specific performance and for general relief, but as it exhibited the inability of the vendor to perform and the consequent futility of a decree for specific performance, it was, after demurrer, dismissed.

The complainant now insists that the court had the power under the prayer for general relief, to award compensation by way of damages, and it must be assumed that that question was passed upon; that as the defendant elected to waive the rescission of the contract and stand upon his right to performance, in default of which, as now urged, he was entitled, under the pleadings, to damages, he has had his day in court and is estopped, by the decree of dismissal, from now rescinding the contract and recovering his deposit.

The difficulty which confronts the complainant is, that in the original cause the court was without jurisdiction to pass upon the subject-matter of the present action at law, for as soon as the bill of complaint was exhibited it appeared that prior to the filing thereof the complainant therein knew that specific performance was impossible, and the bill could not have been filed with an honest expectation that specific performance could be awarded. If, when the bill for specific performance was filed, complainant had no knowledge of the infirmity in the vendor's title, equity could give the complainant relief in the form of compensation provided he had instituted the proceeding with an honest hope and expectation of obtaining a specific performance. *Borden* v. *Curtis, 48 N. J. Eq. (3 Dick.) 120.* But when

the bill was filed in the cause for specific performance complainant knew that specific performance was impossible, and that he could not present a case justifying a court of equity in making compensation for the partial breach of the contract to convey, and a condition was disclosed in which equity would not assume jurisdiction, therefore when the bill was dismissed the question of the waiver of the right either of rescission or damages for the breach of the contract was not an issue adjudicated. Nor is there any force in the argument that, under the prayer for general relief, the court could have decreed the repayment of the money paid when the contract was signed, because the party seeking such recovery has an adequate remedy at law. *Welsh* v. *Bayaud, 21 N. J. Eq. (6 C. E. Gr.) 186.*

The order to show cause will be dismissed, with costs.