ELIZABETH CAREY

*v.*

THOMAS H. BROWN, WILLIAM H. REILLY and THE FIRST NATIONAL BANK OF THE TOWN OF UNION.

[Decided April 11th, 1921.]

1. That the statute of limitations has run against the right to enforce the claimant's claim at law presents no difficulty, in view of *P. L. 1912 p. 417,* to transfer a cause begun in this court in due time to the law court with like effect as though the action had originally been commenced there before the statute of limitations had run.

2. In a proceeding in chancery by an assignee to recover shares of stock transferred prior to the assignment to the defendant in part payment for real estate, the title to which was never transferred to the assignor—*Held,* that the complainant did not have a complete and adequate remedy at law, under the circumstances presented, especially in view of the action of the law court in striking out two complaints in trover and conversion filed therein.

3. Whatever may have been the disability of an assignee of a chose in action, assigned without consideration under Practice act 1903, section 19, such assignee may now maintain such action.

4. If a complete determination of a controversy cannot otherwise be had between the parties in equity, the court may, at any stage of the proceedings, add any party whose presence is necessary to the complete determination of the controversy, under chancery rules 13 and 14.

5. Where an assignor of stock before the assignment to the complainant, suing to recover the stock, transferred it to the defendants in part payment for lands which were not conveyed because of the assignor's inability to perform, and the land was sold by the defendants, one of whom made advances for the assignor—*Held,* that the rights of third parties had not intervened nor the parties failed to proceed in a way that would justify applying the doctrine of laches.

32

6. Where bank stock previous to its assignment to the plaintiff had been transferred by the assignor to the defendant in part payment of land, which land was not transferred to the assignor because of his breach of contract, which land was subsequently sold by the defendant, he was entitled to sue the assignor for damages; hence, in a suit by such plaintiff, such defendant might, under section 101 of Practice act of 1912, and section 86 of Chancery act of 1915, counter-claim or set off any cause of action against the complainant or plaintiff, or against any third party necessary to be brought in.

7. In such suit the defendant could elect to resist the complainant's claim to the extent of defeating the right to the relief sought, but, in any event, the proper procedure requires a counter-claim by the defendant to the extent of damages for the assignor's breach of contract.

8. If a defendant in such a suit desires to take an affirmative decree for any excess of damages through such breach, it is necessary to make the assignor a party.

9. In such a suit where the evidence showed that there were several accounts to be considered—*Held*, that an accounting should be taken between the parties.

On pleadings and proofs.

*Mr. Dougal Herr,* for the complainant.

*Mr. James A. Gordon,* for the defendants.

Lewis, V. C.

The bill is filed to compel the defendants Brown and Reilly to turn over to the complainant one hundred and seventeen shares of stock of the First National Bank of the Town of Union, and to restrain its disposition otherwise, alleged to have been delivered to the defendant Brown by one John Conway, in part payment of the consideration for a transfer of certain real estate of which Brown was the equitable owner, but the legal title to which was held by the defendant Reilly. Under the terms of the contract of sale a deed for the property was to be delivered to Conway, upon his performing the conditions therein required of him. Brown says that Conway not only failed to comply with the provisions of the contract within the time fixed, but that, ultimately, after the date for settlement had been postponed a number of times to enable Conway to comply, Conway told Brown that he was unable to perform his part of the con-

tract and that he could not go ahead with it.   At that time
Brown tendered a delivery of the deed to Conway, but Conway
was unable to comply with his part of the contract and accept
delivery.    Brown thereupon carried the property several years,
during a period of great depression in the real estate market,
and was unable to dispose of it until some time in the year 1916,
when he sold it at a loss.   He was also obliged to meet and pay
off certain obligations and charges upon the property and make
advances of cash for the benefit of Conway and to assume certain
of his obligations.    This is, to some extent, disputed by Con-
way, but I am inclined to accept the testimony of Brown in this
respect.    Later, Conway assigned whatever interest he may have
claimed to have in the stock in question, to the First National
Bank of the Town of Union, and it, in turn, assigned the same to
the present complainant, Elizabeth Carey, but without con-
sideration.

The theory of the complainant is, that Brown and Reilly
having failed to convey title to the real estate to Conway, and
having sold the property to a third person, are not entitled to
retain in equity and good conscience the stock which was so
deposited by Conway with Brown in part payment of the con-
sideration.

It appears that a short time after the difficulties arose between
the parties, in 1912, or thereabouts, a suit in trover and conver-
sion was brought against Brown in the law courts, but that it
was discontinued by agreement between the parties, after two
complaints filed in the cause had been stricken out by the court,
as failing to set forth a legal cause of action.

The present bill was filed on July 12th, 1915, and meantime
the statute of limitations has run against the right to enforce
complainant's claim at law.   This, however, would present no
difficulty in view of the Transfer of Causes act of 1912 (*Supp.
Comp. Stat. p. 1252*), which permits the court of chancery, even
when the statute of limitations will bar a suit at law, if a suit
has been brought in the court of chancery prior to the six years
by mistake, to transfer the cause over to the law court, with like
effect as though the action had been originally commenced there
within a competent period.

But I am inclined to hold that complainant has not a complete and adequate remedy at law under the circumstances here presented, especially in view of the action of the law court with respect to the suit already mentioned, and I shall therefore retain the bill.

It is urged by the defendants that the present complainant, Elizabeth Carey, has no interest in the subject-matter which will permit her to maintain this action; that the court is without power to substitute other complainants; and that, in any event, laches bar a prosecution of the claim sued upon.

Whatever may have been the disability of an assignee of a chose in action earlier in the history of the law (*Pom. Eq. Jur.* §§ *1280, 1284*), it seems clear that under our statutes such assignee may now maintain an action upon the chose in action assigned. *Practice act of 1903*, § *19; 3 Comp. Stat. p. 4056.*

And if a complete determination of the controversy cannot be had between the parties to this suit, the court has the undoubted power at any stage of the proceedings to add any party whose presence is necessary to the complete determination of the controversy. *Chancery act 1915, rules 13 and 14; Supp. Comp. Stat. p. 128 §§ 71, 72.*

I do not think that the rights of third persons have intervened, or that the parties have failed to proceed in a way that would justify the application of the doctrine of laches to the facts of this case.

This brings us to the consideration of the merits.

When Conway breached the contract Brown was entitled to sue him for the damage he thereby sustained. This damage is indicated above. He did not, however, actually dispose of the property until several years after the breach, and, meantime, Conway's assignees took action against Brown. Under the Practice act of 1912 (*Supp. Comp. Stat. p. 1005* § *101*) and the Chancery act of 1915 (*Supp. Comp. Stat. p. 129* § *86*) the defendant may counter-claim or set off any cause of action against the complainant or plaintiff, as the case may be, or against any third party necessary to be brought in.

From the evidence already in the case it seems clear that Brown's loss, resulting from Conway's breach of the contract, is equal to or in excess of the value of the equity in the stock claimed by the complainant, and that he, if he sees fit, could counter-claim against the complainant and the assignors. He, however, may have elected to simply resist the complainant's claim to the extent of defeating her right to the relief she seeks by the bill. That is his privilege, if he so elects. But, in any event, I think that the proper procedure requires a counter-claim by Brown to the extent of the damage sustained by him; for it would be unjust, in my opinion, for Brown to retain the stock delivered to him by Conway, in part payment of a consideration that has failed, and at the same time hold the property which was to have been conveyed to Conway for that consideration, or the proceeds realized from its sale to third parties. As against this stock or its value, however, Brown is entitled to charge Conway with the damage resulting to Brown from Conway's breach of the contract. This should be done through the medium of a counter-claim, and to that end the pleadings should be amended accordingly.

If Brown desires to take an affirmative decree for any excess, it will be necessary to bring Conway in as a party.

On the hearing complainant requested the court to reserve the right to an accounting, and, inasmuch as the testimony with regard to the damage sustained by Brown is somewhat general, and considerably complicated, I think that an accounting should be taken between the parties when they have been ultimately determined.

The decree will be settled upon application and notice.