In a previous opinion in this cause, 98 N.J. Eq. 198, it was determined, on a motion to strike out the bill, that an acknowledgment by a married woman to an agreement for the sale of real property was defective because it appeared therefrom that the officer who took the same had not "first made known to her the contents thereof," in conformity with chapter 37 of P.L.1918. Subsequently, an application was made under P.L. 1912 p.417, as amended by P.L. 1915 p. 39, for a transfer of the cause to the circuit. The pertinent portion of the act in question is as follows:
"No civil cause or matter hereafter pending in any court * * * which has not jurisdiction of the subject-matter, shall be dismissed *Page 718 
for that cause only, but the cause or matter shall be transferred with the record thereof and all papers filed in the cause for hearing and determination to the proper court, which shall thereupon proceed therein as if the cause or matter had been originally commenced in that court * * *."
It is argued that because the act with regard to acknowledgments by married women was a bar to the relief sought by the complainant, it now appears that the court was without jurisdiction of the subject-matter involved, and, therefore, the proposed relief can be given under the 1915 statute.
Counsel has clearly misinterpreted the force and meaning of the phrase "jurisdiction of the subject-matter." Jurisdiction has been defined as the authority to hear and determine a cause. 15C.J. 723; Una v. Dodd, 39 N.J. Eq. 173. This case was reversed in the following volume of the reports, but not upon this ground. In Munday v. Vail, 34 N.J. Law 418, Chief-Justice Beasley says: "Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in a given case." He also says that there are three requisites — first, cognizance of the class of cases to which the one to be adjudged belongs; secondly, the proper parties; thirdly, the point decided must be within the issues. Applying these directions to the case at bar, it seems unescapable that (1) this court has plenary jurisdiction to decide cases for specific performance of a contract for the conveyance of real property; (2) that the proper parties were before the court, and (3) that the point decided was most unequivocally presented by the defendant's notice in lieu of demurrer to strike out the bill. So explicit have the courts been in the determination of the meaning of the word "jurisdiction" that it has been decided, time and again, that the power to decide necessarily carries with it the power to decide wrongly as well as rightly, subject only to the qualification that the court may render only such judgment as does not exceed in extent or character the law which is applicable to that class of cases. 15C.J. 750. The transfer of causes being a purely statutory creation, this court is without jurisdiction to deliver this suit to the circuit court for *Page 719 
decision, because it is only where the court is without jurisdiction of the subject-matter of the suit that such a course is permitted.
Reliance is placed upon Logan v. Flattau, 73 N.J. Eq. 222,
in which Vice-Chancellor Bergen passed upon the question of whether or not a court of equity should assume jurisdiction, and not whether jurisdiction, in fact, existed, a matter upon which there has been considerable confusion. There has also been cited by the applicant the case of Carey v. Brown, 92 N.J. Eq. 497.
There, Vice-Chancellor Lewis dealt with the fact that prompts the present application, namely, the running of the statute of limitations. He says, "if a suit has been brought in the court of chancery prior to the six years by mistake" it may be transferred to the law court notwithstanding the running of the statute at the time of the transfer. The italics in the above quotation are mine, and the reason for them is apparent, because in the case sub judice there was no "mistake" upon the part of the complainant in commencing this suit in this tribunal. It was the simple, ordinary case of a contract to convey lands which the vendor refused to complete, and I know of no other court in this state where the complainant would have hoped to secure a judgment directing the defendants to specifically perform their agreement.
I will refuse the order to transfer to the circuit court.