The bill is by the administrator of the estate of Pauline B. Jolly, for an accounting by the defendant as executor of his father's estate and also as trustee under a deed of trust executed by his father during his lifetime.
The two decedents, Edward R. Holden, Sr., and Pauline B. Jolly, were brother and sister. Mrs. Jolly owned one thousand five hundred acres of land in Texas, which, on March 5th, 1917, she conveyed to her brother, at his request, solely for his use as collateral for loans to be used in a business enterprise in which he was engaged. Simultaneously he reconveyed the property to her and also wrote to her as follows:
"As a precautionary measure, I am writing this to say that in the event of my death, during the period in which title to your property is in my name, then upon the contingency, it is understood that the property is to revert back to you, free and clear of any encumbrances."
The deed from Jolly to Holden was recorded forthwith, but that effecting the reconveyance was kept off record until May, 1918. In the meantime and in accordance with the agreement between the parties, Mr. Holden mortgaged the land to the Union National Bank of Newark (now merged into the Fidelity Union Trust Company) for $75,000, to secure notes aggregating $20,000.
On May 4th, 1920, Edward R. Holden, Sr., executed a deed of trust to his son, Edward R. Holden, Jr., the defendant, by which he conveyed substantially all of his assets upon trust to pay the loans secured by the mortgage and for certain other purposes. Holden, Sr., died October 24th, 1920, leaving a will appointing the defendant Holden, Jr., *Page 255 
executor. The notes secured by the mortgage had then been reduced to $15,000 by payments of Holden, Sr., and some further payments were made by the defendant after his father's death; but the debt was not fully paid, the bank foreclosed the mortgage, and obtained a personal judgment in the Texas court for $20,600 against Mrs. Jolly, part of which she paid during her lifetime and the balance of which was paid by the complainant as her administrator.
The defendant admits that he has filed neither inventory nor account notwithstanding upwards of $35,000 in cash has come into his hands as executor, but he claims he accounted to his step-brother and paid his father's debts.
Having paid a debt of defendant's decedent, the complainant is a creditor of the estate and is entitled to an accounting from the defendant as executor and also as trustee, Mrs. Jolly being one of the beneficiaries under the trust deed. Pence v. Pence,13 N.J. Eq. 257; Frey v. Demarest, 16 N.J. Eq. 236. The complainant insists also that defendant is personally liable for its debt because of his failure to account and to perform his trust.
The defense is that Mrs. Jolly was engaged in a joint enterprise with the defendant's decedent and is not a creditor; that she is barred by the statute of limitations from maintaining this action and also because she failed to file any claim with him as executor. These are specious, but flimsy and ineffective, defenses. Mrs. Jolly was not a joint adventurer, but had loaned her credit to her brother and paid the debt which it secured. She thereby became a creditor of her brother's estate and entitled to reimbursement. The debt was paid in 1929 or later. The statute of limitations did not begin to run until then. Blanchard, Admx., v. Blanchard, 201 N.Y. 134; 37 Corp. Jur. 860; note, 37L.R.A. (N.S.) 787; 17 R.C.L 783; 21 R.C.L. 1122; and the statute does not run against a cestui que trust. James v.Aller, 66 N.J. Eq. 52 (at p. 68). Assuming that an order barring creditors was entered in the probate proceedings in 1921, as to which there is no proof, it is ineffective as to complainant because its debt had not *Page 256 
then matured. Wakeman v. Paulmier, Exr., 39 N.J. Law 340. The defendant must account. After such accounting the question of his personal liability will be determined.
In defendant's brief the matter of non-joinder of other beneficiaries and cestuis que trustent was first raised. No doubt they should all be made parties to this proceeding so that one accounting may bind all. Speakman v. Tatem, 45 N.J. Eq. 388.
But the non-joinder need not result in a dismissal of the bill. Plumley v. Plumley, 8 N.J. Eq. 511; Seymour v. LongDock Co., 17 N.J. Eq. 169; Carey v. Brown, 92 N.J. Eq. 497.
This error may be corrected on the court's own motion. P.L. 1915ch. 116 § 13; chancery rule 12. The bill will be held until all of the cestuis que trustent are made parties and the cause can then proceed in accordance with the views herein expressed.