PAMRAPAU CORPORATION, complainant,

*v.*

CITY OF BAYONNE and THE CENTRAL DISTRICT, INCORPO-
RATED, a corporation, defendants.

[Decided April 29th, 1938.]

*Messrs. Gross & Gross,* for the complainant-petitioner.

*Mr. J. Raymond Tiffany,* for the defendant The Central
District, Incorporated.

EGAN, V. C.

The complainant, in October, 1937, was allowed a writ of
*certiorari* in the New Jersey supreme court. That court's
opinion, filed January 31st, 1938, held that the writ should
be dismissed, but by its order subsequently made, instead of
directing such dismissal, it said: "It is further ordered that
the Clerk of this Court do forthwith transfer with the record
thereof, all papers and exhibits filed in the cause for hearing
and determination by the Court of Chancery of New Jersey."
The cause, accordingly, is now in this court. The complain-
ant filed herein a verified petition of its cause of action. An
order to show cause why the defendants should not answer
the petition was issued, and argument was had thereon. The
defendants contend that the complainant's procedure in this
court should not be by petition, but by way of bill of com-
plaint, and that it should "either take an order to answer or

issue a subpœna *ad respondendum.*" The defendants also contend that "in the proceedings pending in the supreme court, certain stipulations were entered into that are part of that record" and "those stipulations should have no effect or bearing" and is "another ground for refusal on the part of this court to accept a transfer of the cause."

The petition herein appears to present all the facts in the case. In the pending situation, it is analogous to a bill of complaint and effects the same purpose. The defendants should answer it if they wish to offer a defense to the suit. They, by proper procedure, were brought into the supreme court, and, under the statute, were removed from that court to this court. *Carey* v. *Brown, 92 N. J. Eq. 497; 113 Atl. Rep. 499.* I see no force in the defendants argument that a plenary suit should be started and subpœnas *ad respondendum* issued. Why should a new proceeding be instituted when all the parties are already in court? The instant suit was not dismissed or discontinued; it is not a new one. It is one that was instituted in another court, and that other court shifted it here with all the records and papers filed in the original action. The Transfer of Causes act makes provision for a change of tribunals in the following language:

"No civil cause or matter hereafter pending in any court mentioned in the above title which has not jurisdiction of the subject-matter, shall be dismissed for that cause only, but the cause or matter shall be transferred with the record thereof and all papers filed in the cause for hearing and determination to the proper court, which shall thereupon proceed therein as if the cause or matter had been originally commenced in that court."

This suit shall proceed according to the rules of this court. The defendants shall answer the petition within twenty days after the date of the order incorporating the above determinations.

The stipulations that were entered into in the supreme court, are a part of the record of the proceedings; they were sent here under the order of transfer with the filed pleadings. The consideration of their pertinency will not be passed upon at this time. That point may be raised at some future time.