9 N.J. Super. 171 (1950)
75 A.2d 627
HARRY BEHRMAN, JOHN J. HALL, ALOYSIUS J. O'BRIEN, AMOS H. RADCLIFFE AND CHARLES H. ROEMER, TRUSTEES UNDER A TRUST AGREEMENT DATED DECEMBER 26, 1934, BETWEEN THEM AND THE FRANKLIN TRUST COMPANY OF PATERSON, PLAINTIFFS-RESPONDENTS,
v.
JOHN J. EGAN AND GEORGE LENDRIM, AS REPRESENTATIVES OF THE HOLDERS OF CLASS "A" CERTIFICATES; AND WILLIAM E. BROWNE AND MOSES I. FULD, AS REPRESENTATIVES OF THE HOLDERS OF CLASS "B" CERTIFICATES, DEFENDANTS-RESPONDENTS, AND NATHAN METZGER, INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 21, 1950.
Decided September 23, 1950.
*173 Before Judges JACOBS, BIGELOW and WM. J. BRENNAN, JR.
Mr. Leopold Frankel argued the cause for the intervenor-appellant (Messrs. Frankel & Frankel, attorneys).
Mr. Randal B. Lewis argued the cause for the plaintiffs-respondents.
Mr. Herman H. Singer argued the cause for intervenors.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal by the intervenor Nathan Metzger from the Chancery Division's denial of his motion to dismiss the complaint.
The complaint alleging the following was filed on April 11, 1949, by the plaintiffs as trustees under a trust agreement dated December 26, 1934, between them and The Franklin Trust Company of Paterson. After the bank holiday of 1933 there was a reorganization of the Trust Company and certain assets were segregated and transferred to the plaintiffs for the benefit of depositors and general creditors who received Class "A" certificates and stockholders who received Class "B" certificates. There are 3,315 holders of Class "A" certificates and 229 holders of Class "B" certificates. By vote of the certificate holders the original expiration date of the trust was extended to December 26, 1949. The trust agreement provides that if the Class "A" certificates are not retired upon the expiration of the trust, the property remaining in the trustees shall be sold at public sale and the proceeds distributed to the Class "A" certificate holders and any balance to the Class "B" certificate holders. Although the certificates *174 have not been retired the trustees are desirous of obtaining judicial action terminating the trust and propose a plan of liquidation which involves distribution of the assets in specie and otherwise without public sale. The certificate holders are so numerous it would be impracticable to bring them all before the court and the character of the right sought to be enforced is within Rule 3:23-1 relating to class actions. The trustees seek judgment terminating the trust in accordance with the proposed plan of distribution and other relief.
Although the complaint contemplated the designation of Class "A" and Class "B" certificate holders as defendants, it did not, in its body, designate any individual certificate holders as class representatives. Cf. New Jersey National Bank and Trust Company v. Lincoln Mortgage and Title Guaranty Company, 105 N.J. Eq. 557, 561 (Ch. 1930); Montgomery Ward and Company v. Langer, 168 F.2d 182 (8th Cir. 1948). However, at the time of its filing the court, pursuant to application, entered an order naming the defendants John J. Egan and George Lendrim as representatives of the Class "A" certificate holders and the defendants William E. Browne and Moses J. Fuld as representatives of the Class "B" certificate holders. In due course these defendants filed answers which set forth that they were in favor of submitting to the court the advisability of adopting the plan proposed by the trustees for termination of the trust. Thereafter the court permitted intervention by several "A" and "B" certificate holders including the appellant Metzger. On January 19, 1950, an answer and counterclaim was filed by Metzger vigorously attacking the proposed plan of distribution and seeking that the trustees be held to account and other relief; it would seem that since the counterclaim seeks relief directly affecting all the certificate holders their representatives ought be parties thereto.
On February 14, 1950, Metzger filed a motion to dismiss the complaint (but cf. Rule 3:12-2) on various grounds which appear to attack primarily the sufficiency of the notice to certificate holders and their class representation. On March *175 13, 1950, an order was entered in the Chancery Division denying the motion to dismiss and Metzger filed notice of appeal therefrom. Although he seeks to question generally the various steps taken in the course of the proceeding, it is clear that the only issues now before us are those which relate to the validity of the interlocutory order appealed from and its reviewability under Rule 4:2-2.
The courts have frequently been confronted with causes where, as here, the number of persons involved were similarly interested as a class but were so numerous as to make it impossible or exceedingly difficult to join them individually as parties. In these instances they have recognized the propriety of maintaining the proceedings as class actions in which a few members may be designated to represent the entire class provided it appears that the few will fairly insure the adequate representation of all. See Rule 3:23-1 which has its counterpart in Rule 23(a) of the Federal Rules of Civil Procedure extensively considered in 3 Moore's Federal Practice (1948), p. 3401, et seq. Upon proper showing such class actions have been maintained against representative defendants as well as by representative plaintiffs. See New Jersey National Bank and Trust Company v. Lincoln Mortgage and Title Guaranty Company, supra. Cf. Wallace v. Adams, 204 U.S. 415, 425, 51 L.Ed. 547, 552 (1907); Montgomery Ward and Company v. Langer, supra; 36 Harv. L. Rev. 89 (1922).
Since such class actions depart from ordinary principles which require that interested persons be named and served as parties of record (Spitz v. Dimond, 131 N.J. Eq. 186, 188 (E. & A. 1942)) and may have far reaching effect upon absentees, they ought be invoked and applied with caution. Care must be taken that the representatives are members of and truly represent the class and have the necessary interest and desire to prosecute or defend on its behalf. Such notice as the circumstances permit and as considerations implicit in due process suggest should be given to all members of the class. Cf. Hansberry v. Lee, 311 U.S. 32, 85 L.Ed. *176 22 (1940); Mullane v. Central Hanover Bank and Trust Company, 339 U.S. 306, 94 L.Ed. 578 (1950). Undoubtedly practical problems incident to the particular facts presented will affect the precise form and extent of the notice and representation and determination of these issues will rest mainly in the sound discretion of the trial court.
The record before us in the instant matter is silent as to notice to certificate holders; presumably appropriate notice by mail and otherwise, if necessary, has been or will be given. Similarly, the limited representation provided in the court's order might well be enlarged although perhaps this has become unnecessary in view of the interventions allowed. In any event, we find no merit in the appellant's attack on the denial of his motion to dismiss the complaint. The court had jurisdiction over the subject matter of the complaint and it should not have been dismissed for any of the reasons advanced by the appellant. Cf. New Jersey National Bank and Trust Company v. Lincoln Mortgage and Title Guaranty Company, supra. If, as was stated at the argument of the appeal, his ultimate goal is to assure additional notice and representative parties for the protection of all of the certificate holders, he may apply to the trial court for that relief rather than dismissal of the complaint which would delay instead of expedite the just and complete determination of the controverted issues presented. Cf. Rule 3:21; Broad Street National Bank v. Holden, 109 N.J. Eq. 253, 256 (Ch. 1931). The order appealed from was interlocutory in nature and the appellant has presented no substantial jurisdictional question relating to the complaint within Rule 4:2-2 (c). Under the circumstances and since the court's action declining to dismiss the complaint does not fall within the remaining classes enumerated in Rule 4:2-2, the appeal may properly be dismissed.
Appeal dismissed.