91 N.J. Super. 167 (1966)
219 A.2d 529
TUCKERTON BEACH CLUB, A CORPORATION NOT FOR PECUNIARY PROFIT OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CLARENCE H. BENDER AND IRENE O. BENDER, HIS WIFE, CLIFFORD W. PRICE AND MARGARET JANE PRICE, HIS WIFE, HARRY N. LUTZ AND HAZEL LUTZ, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1966.
Decided May 10, 1966.
*168 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Laurence C. Stamelman argued the cause for appellants (Messrs. Stein & Stamelman, attorneys).
Mr. John Jay Mangini argued the cause for respondent (Messrs. Campbell, Mangini, Foley & Lee, attorneys; Mr. Michael J. Cernigliaro, on the brief).
SULLIVAN, S.J.A.D.
This case, in essence, involves the validity of certain restrictions and covenants contained in the deeds of some 500 property owners in a development known as Tuckerton Beach, Ocean County, New Jersey.
*169 The covenants and restrictions are as follows:
"All property owners in this development are required to be members of a property owners' association known or to be known as `Tuckerton Beach Club' or similar name and to faithfully abide by its rules. No sale, resale or rental of any property in Tuckerton Beach shall be made to any person or group of persons who are, have been, or would be disapproved for membership by the said club.
Being a private club, the Tuckerton Beach Club shall make such rules as it deems necessary pertaining to persons eligible for membership and any other rules or regulations it chooses.
The Tuckerton Beach Club shall each year collect from its bona fide member lot owners or lot lessees the sum of Twenty Five ($25.00) Dollars per lot owned or leased by each member, except as modified by Charter membership privilege as hereinafter defined.
One half the yearly charges thus made are to be paid yearly to Tuckerton Beach, a corporation, the beach owners, as yearly consideration and payment for the use of the Club House and bathing beach and lagoon to be leased to the Tuckerton Beach Club.
The use of the Club House and bathing beaches designated on plan of Tuckerton Beach are for the exclusive use of members in good standing of the Tuckerton Beach Club and/or guests, and/or tenants of such members.
The Tuckerton Beach Club shall lease on long term the bathing beaches, Club House area and Club House designated on plan of Tuckerton Beach, from the owners of said beaches, areas and buildings.

* * * * * * * *
All covenants contained herein are to run with the land and shall be binding on all parties and persons claiming under them until January 1, 2000, at which time the said covenants shall automatically extend for an additional period of fifty (50) years, unless by vote of the majority of the members of the Tuckerton Beach Club it is agreed to change said covenants in whole or in part."
Under the original by-laws of the club, the membership committee, consisting of three club members, had absolute discretion to admit or reject any application for club membership. In July 1964, during the pendency of the present suit, the club adopted or attempted to adopt an amendment to the by-laws which would make merely a properly completed application to the club and the payment of the first year's dues the sole requirement for membership.
The Tuckerton Beach development was commenced in 1955 and continued until 1960 when the various developers went into bankruptcy. In 1961 a group of property owners took *170 over the club and since then have attempted to revitalize the project. It is asserted that the success or failure of the club and its ability to furnish beach facilities, club house and other improvements, depend on each property owner in the development being required to belong to the club and pay the annual dues specified in the covenants and restrictions set forth in the deeds. When defendants refused to become members of the club and to pay the annual dues of $25, the instant suit was commenced to enforce the aforesaid deed provisions. Defendants counterclaimed to have said provisions declared void.
The trial court held that the covenants and restrictions under the original club by-laws would be clearly void. The court also expressed doubts as to the efficacy of the July 1964 attempted amendment. However, the court determined that it would declare the deed covenants and restrictions to be valid "provided" that plaintiff club within 60 days amended its constitution and by-laws to provide that admission to the club could be had by anyone who filed an application and paid the first year's dues; "membership shall not in any wise be conditioned upon any vote on any other factor or any approval by any membership committee or otherwise." This was done, and a final judgment was then entered declaring the covenants and restrictions in the deed to be valid and binding and requiring defendants to pay to plaintiff club the sum of $25 per year for each year since 1961.
We conclude that the covenants and restrictions are void on their face. They prohibit sale, resale or rental to anyone who "would be disapproved for membership" in the club. They provide that the club shall make such rules as it deems necessary "pertaining to persons eligible for membership." Manifestly, these provisions indicate that the property may be conveyed only to persons who would be approved for membership and eligible for membership under such rules as the club might in its discretion see fit to adopt. These provisions, as written, contain an unreasonable restraint on alienation, are against public policy and are void. Mountain Springs Association of New Jersey, Inc. v. Wilson, 81 *171 N.J. Super. 564 (Ch. Div. 1963). The amendments attempted in 1964 while suit was pending, and in 1965 pursuant to the court's ruling, cannot breath life into them. The provision requiring payment of $25 annual dues is so inextricably interwoven with the invalid restraints upon alienation that it must likewise fall.
The judgment herein in favor of plaintiff is reversed and the matter remanded for entry of judgment in favor of defendants declaring the covenants and restrictions in question to be null and void. No costs on this appeal.