94 N.J. Super. 275 (1967)
228 A.2d 78
CHARLES I. CONOVER, BROOKS L. CONOVER, ET AL., PLAINTIFFS-RESPONDENTS, JOHN E. ERTEL (AND SEVEN OTHERS), PLAINTIFFS-INTERVENORS-RESPONDENTS,
v.
PACKANACK LAKE COUNTRY CLUB AND COMMUNITY ASSOCIATION, ETC., DEFENDANT, AND HAROLD DAVIDSON (AND SIXTEEN OTHERS), INDIVIDUALLY AND AS CLASS REPRESENTATIVES OF ALL HOLDERS OF ANY INTEREST IN LANDS ORIGINALLY HELD BY PACKANACK LAKE, INC., AND PACKANACK HOMES, INC., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1967.
Decided March 17, 1967.
*277 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Charles W. Hutchinson argued the cause for appellants (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
Mr. Burrell Ives Humphreys argued the cause for respondents (Messrs. Hoffmann, Humphreys & Lafer, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This is an appeal by 17 defendants-class representatives, appointed as such by the Chancery Division for some 1,000 lot owners who are members of defendant Packanack Lake Country Club and Community Association (Association), in plaintiffs' action to secure an adjudication of the invalidity of a covenant, apparently common to their deeds and those of all the other lot owners, prohibiting alienation except to persons who are members of or approved for membership in the Association. The covenants were originally imposed "for the benefit of the remaining lands" of the grantor which exacted them, that being Packanack Lake, Inc., seemingly an instrumentality of the Association (or vice versa).
Defendants-class representatives were selected as such by the court from among all the lot owners interested, because they were members of the elected board of governors and board of directors of the Association. The covenant was adjudicated void, without contest, by final judgment in July 1966, a result mandated by our decision in Tuckerton Beach Club v. Bender, 91 N.J. Super. 167 (App. Div. 1966). In accord, Mountain Springs Ass'n v. Wilson, 81 N.J. Super. 564 (Ch. Div. 1963).
*278 The cited cases hold that restrictive covenants of this type are void as an unreasonable restraint on alienation. There is no doubt that these decisions are sound and that based upon them and the long-standing common-law principles that underlie them the New Jersey courts would not sustain the validity or enforceability of the covenants here involved.
The appealing defendants do not challenge the substantive declaration in the Chancery Division judgment that the covenants are void. Indeed, they could not, as their answer to plaintiffs' amended complaint states that "they will consent to a judgment against them invalidating the subject restrictions burdening plaintiffs' properties," as well as that they do not desire to enforce, nor do they claim any interest in the restrictions. Moreover, defendant Association itself, of which all the lot owners in the represented class are members, has by its answer to the amended complaint renounced any interest in or desire to enforce the restrictions.
The only purported grounds for this appeal are procedural objections to the designation by the trial court of defendants as class representatives. Defendants were unable at oral argument to respond to inquiries from the court as to how they as individuals were, in view of the foregoing, aggrieved by the judgment. Nor were they prepared to say how any of the class of lot owners represented by them were prejudiced in any substantial sense thereby in view of (a) the unquestionable and conceded invalidity of the restrictive covenants as a matter of law, and (b) the fact that their major contention on this appeal is that the judgment in this case will not be res judicata against the non-party lot owners because the class here is a so-called spurious one, coming within R.R. 4:36-1 (c), as to which the judgment cannot be res judicata against any person not brought in as a party or intervening.
Defendants argue that their "constitutional rights" were violated in having been forced against their will to act as class representatives of the other lot owners. The contention is frivolous. They were not compelled to do anything and were free to take such position in the litigation as they *279 voluntarily chose, and they chose not to contest plaintiffs' substantive claim for relief.
Defendants' real position on this appeal can be understood, if at all, only as purportedly protective of the interests of such of the class of lot owners as may at some time wish to enforce the restrictive covenant against plaintiffs, and we shall consider it as such.
The major ground of appeal is stated above as "(b)." It is true as a matter of law that if the class here is spurious rather than true, as argued by defendants, the judgment does not bind any of the class who do not join in the action. 3 Moore's Federal Practice (2d ed. 1966), R. 23, § 23.11 [3]; Terrell v. Humble Oil & Refining Co., 80 N.J. Super. 51, 57 (App. Div. 1963).[1] That question, in turn, depends upon whether the rights of the other lot owners to enforce the covenant in plaintiffs' deeds are "joint, or common" within R.R. 4:36-1(a) (true class), or "several" within (c) of that section (spurious class). If the former, and if all other requisites of the rule are met, the judgment binds all members of the class whether or not they join the class by affirmative action; otherwise not. 3 Moore, op. cit.; Terrell v. Humble Oil & Refining Co., supra. Defendants argue that the rights of the lot owners are several, not joint; plaintiffs contend to the contrary. No case is cited by either side which we find to be precisely in point in relation to a community scheme for restrictive covenants in individual deeds, as here. The case closest in point is Hansberry v. Lee, 311 U.S. 32, 44, 61 S.Ct. 115, 85 L.Ed. 22 (1940), where an agreement between many lot owners for a mutually binding restriction on alienation *280 was held to create several, not joint rights. The general problem as to whether rights of a class are joint or several for purposes of a representative suit has been attended with much confusion and difficulty in the federal decisions. See Note, "Multiparty Litigation in the Federal Courts," 71 Harv. L. Rev. 874, 928, 934-941; Moore's Federal Practice Rules Pamphlet, supra, fn. 1, at p. 542 et seq.; Comment on Rule 4:32 of Proposed Revision of the Rules, etc., supra, at p. 392. For reasons to be stated, we find no necessity to resolve the posed issue in this disposition.
Firstly, it is obvious that if as a matter of law the rights of the lot owners are several and the class is spurious no determination in this cause as to the res judicata effect of the judgment would be binding on any of the absent lot owners since they were not parties below. The determinative holding on the point would have to be made in another action wherein such lot owners would be joined as parties. See Moore's Federal Practice Rules Pamphlet, supra, at p. 552; Restatement, Judgments, § 86, comment (h), § 116 (1942).
Secondly, assuming that this appeal may be regarded as a legitimate vehicle for asserting the rights of the absent lot owners (a point we do not decide), the correctness of the contention by defendants that the lot owners are not bound would defeat the proposition that any substantial rights of the lot owners have been prejudiced by the judgment entered below  a showing essential to the right to pursue the appeal on their behalf. R.R. 1:5-3(b); Meszaros v. Gransamer, 23 N.J. 179, 184-188 (1957). In this regard it is not inappropriate to point out that although by court order a notice addressed to "all Packanack Lake landowners and all others having an interest in the Packanack Lake Community" was published in a Passaic County newspaper for four weeks stating the pendency of this action, its object to invalidate the restrictions, the names of the class representatives, the right of lot owners to intervene personally, and the binding effect of any judgment entered, no lot owner applied to intervene by way of defense against the action, although a few did to *281 support it. Moreover, several publications of the Association circulated among its members (presumably including all lot owners) informing them of the pendency of the action and the issues involved.
Thirdly, it is very evident that such lot owners as might desire to preserve the benefit of the restrictions as valid against any other lot owner, including plaintiffs, have not been fairly or adequately represented by the class representatives because (a) the representatives failed to advance that position but defaulted on it; 3 Moore's Federal Practice, supra, R. 23, § 23.07[1]; Behrman v. Egan, 9 N.J. Super. 171, 175 (App. Div. 1950) ("Care must be taken that the representatives are members of and truly represent the class and have the necessary interest and desire to prosecute or defend on its behalf."); and (b) the class is inherently one which falls into subdivisions of those lot owners desiring to be free of the restrictions and those desiring to enforce them against others, in which situation no binding effect can be accorded a judgment against those absent members of either group whose position was not defended by any representatives. Hansberry v. Lee, supra, 311 U.S., at pp. 44-45, 61 S.Ct. 115, 85 L.Ed. 22; cf. Terrell v. Humble Oil & Refining Co., supra, 80 N.J. Super., at p. 57. Since, for the stated reason, the judgment cannot bind them, it follows that none of the absent lot owners have been prejudicially affected by its entry.
Finally, as we have pointed out above, the stare decisis effect of Tuckerton Beach Club v. Bender, supra, is so conclusive against any possibility of successful defense of the validity of these covenants that the mere naked right to attempt it remaining in the lot owners cannot be accounted an interest of sufficient substantiality to justify this appeal. No suggestion is made as to any factual or legal position which might be advanced by anyone in another litigation which could conceivably result in a judicial enforcement of these covenants against plaintiffs. As was stated with much force in Meszaros v. Gransamer, supra:
*282 "[O]ur courts have placed renewed emphasis on justice as the polestar; they have consistently subordinated procedural requirements in civil cases to their proper role of facilitating justice between the parties and have repeatedly refused on appeal to reverse for trial errors which did no real harm or injustice to the losing party." (23 N.J., at p. 186)
Other technical shortcomings in the proceedings below advanced by defendants require no discussion since none of them derogates from the absence of prejudice to appellants from the judgment.
There being no showing of substantial aggrievement to appellants accruing from the judgment entered below, the appeal is dismissed.
So ordered.
NOTES
[1] Our rule R.R. 4:36-1, the class action section under which the trial court proceeded, is taken verbatim from Federal Practice Rule 23 as promulgated in 1937 and as it stood without change until completely revised in 1966 (effective July 1, 1966); see Moore's Federal Practice Rules Pamphlet (1966), 538 et seq. The New Jersey Supreme Court Coordinating Committee on the Revision of the Rules of Court has proposed the adoption of the revised federal rule to replace present R.R. 4:36. See Proposed Revision of the Rules, etc. (Nov. 1966), Rule 4:32, "Class Actions," p. 389.