165 N.J. Super. 43 (1978)
397 A.2d 698
PAULINSKILL LAKE ASSOCIATION, INC., PLAINTIFF-RESPONDENT,
v.
GARY EMMICH AND PATRICIA A. EMMICH ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 27, 1978.
Decided December 29, 1978.
*44 Before Judges FRITZ and BISCHOFF.
Messrs. Busche, Clark, Leonard & Honig, attorneys for appellants (Mr. Michael G. Busche, of counsel).
Messrs. Pressler & Pressler, attorneys for respondent (Mr. John T. Verrili on the brief).
PER CURIAM.
There is no contested issue of fact involved in this appeal. Appropriately enough in such circumstance the substance of the matter was decided on opposing summary judgment motions. Plaintiff prevailed in that contest and it is from the consequent judgment that defendants appeal.
Both briefs tell us plaintiff is a "lake community association organized under Title 15 of the New Jersey Statutes." As such, it successfully brought suit in actions consolidated below against defendants, nine owners of property in the Paulinskill Lake recreational community, for delinquent dues and assessments. It was stipulated that the deed of each defendant contains covenants requiring membership in plaintiff association. Defendants' argument on appeal is limited to an attack on the validity of those covenants.
In their first two points briefed, defendants contend that the covenants requiring purchasers to join the property owners' association are void as an unreasonable restraint *45 against alienation because plaintiff can exclude prospective purchasers from membership. The discretion vested in the association, argue defendants, limits the marketability of their respective properties.
It is simply no longer the fact, if it ever was, that plaintiff can exclude property purchasers. Accordingly, Tuckerton Beach Club v. Bender, 91 N.J. Super. 167 (App. Div. 1966), upon which defendants rely heavily, is distinguishable. We are entirely satisfied, as was the trial judge, that on the facts as they appear there exists no potential for discrimination and a consequent limitation on the marketability of the property. Rather, plaintiff must grant membership to all those who purchase property in the community. This is persuasively demonstrated by the 1971 grantee membership covenant, adopted long before the present suit, which provides in pertinent part that "membership shall be automatically extended to said Purchaser, Grantee or Owner upon payment of the initiation fee, dues and assessments as set forth in the constitution and by-laws of the Paulinskill Lake Association." (Emphasis supplied).
We are satisfied that there is in fact no restraint on alienation.
Defendants' argument that the covenants are unenforceable because they are not part of a neighborhood scheme is likewise without merit. It is apparent from examination of the whole record that all property owners in the community are required to join the association and pay their fair share of the cost of maintaining the community. Peterson v. Beekmere, Inc., 117 N.J. Super. 155 (Ch. Div. 1971), is not apposite.
Finally, defendants contend that the covenants are vague and therefore an unreasonable restraint against alienation. While it is not wholly clear how vagueness or uncertainty might constitute a "restraint" against alienation, it appears that the basis for this argument is in defendants' contention that their obligations to pay dues are "open ended." They allege that plaintiff "has adopted a resolution which, if valid, *46 would apply defendant's [sic] dues toward `such other public purposes as shall from time to time be determined by the Association.'"
The argument appears to be without merit. Defendants rely exclusively on Peterson v. Beekmere, Inc., supra. In the matter before us, defendants' obligations are clearly limited to meeting the needs of the particular community in which they reside. The infirmity found in Peterson does not exist here.
But we need not decide this issue. The argument was not raised below. We decline to consider it. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229 (1973).
Affirmed.