Speakman *v.* Tatem.

THOMAS S. SPEAKMAN

*v.*

JOHN C. TATEM.

Where a bill is filed by a *cestui que trust*, who is entitled to a fractional share of the net income of an estate in the hands of a trustee, for the purpose of compelling the trustee to render an account of his dealings with the trust estate and the income thereof, in order that the amount of the fractional share of the income to which the complainant is entitled may be ascertained, to the end that the trustee may be decreed to pay it, the *cestuis que trustent* entitled to the remainder of the net income should be parties to the suit, so that, by binding them by the accounting, future accountings and litigation concerning the same matter may be prevented, and the trustee may safely execute a decree in favor of the complainant.

On demurrer to bill.

*Mr. Samuel H. Grey*, for the demurrant.

*Mr. David J. Pancoast, contra.*

THE CHANCELLOR.

The bill alleges that Emma E. Speakman, who was the complainant's wife, in her lifetime was the owner of certain household goods and also of an undivided fourth interest in the estate of John Draper, deceased, and that in April, 1868, she transferred these properties, by deed, the complainant joining in the conveyance, to the defendant, John C. Tatem, in trust. Among other things, the trust provided that Tatem was to permit Mrs. Speakman to use the furniture during the joint lives of her husband and herself, and that he was to collect, recover and receive

Speakman *v.* Tatem.

the fourth interest in the Draper estate, and to invest and re-
invest the moneys recovered therefrom, and to collect the rents,
issues and profits of the trust property and pay the net income
to Mrs. Speakman during the joint lives of herself and her hus-
band, and upon the death of either of them to sell the household
furniture and invest the proceeds from the sale thereof, and then
pay one-third of the net income of the entire trust property to
the survivor of herself and her husband, and apply so much of
the remaining two-thirds of that income as should be necessary
to the maintenance and education of her children, and capitalize
the remainder of said two-thirds of the income until those chil-
dren should respectively reach the age of twenty-five years; and
then, as each should reach that age, to pay to him or her his or
her proportionate share of that two-thirds of the income until
the death of the survivor of Mrs. Speakman and her husband,
and then to transfer and pay to each child, as he or she should
become twenty-five years of age, his or her proportionate share
of the principal of the trust fund.

NOTE.—The rule that a beneficiary may not sue alone where his share has
not been ascertained, adopted by the chancellor, following *Hanne* v. *Stevens, 1
Vern. 110* (see *Edwards on Parties 166, note*), seems to be well established,
*Phillipson* v. *Gatty, 6 Hare 26 ; Penny* v. *Fenny, 15 Jur. 445 ; Sill* v. *Ketchum,
Harr. (Mich.) 424 ; Bear* v. *American Rapid Tel. Co., 36 Hun 400 ; Hoover*
v. *Berryhill, 84 N. C. 132, 136 ; Jamison* v. *Stewart, 14 Phila. 134 ; Read* v.
*Read, 8 Rich. Eq. 145 ; Eldredge* v. *Putnam, 46 Wis. 205 ; Greene* v. *Sisson, 2
Curtis C. C. 171 ;* see *Goodson* v. *Ellisson, 3 Russ. 583, 593 ; Alexander* v. *Mul-
lins, 2 Russ. & Myl. 568 ; Hitchcock* v. *Linsly, 17 Hun 556.*

As well as the rule that he need not join the other beneficiaries after his
aliquot share has been determined, *Hares* v. *Stringer, 15 Beav. 206 ; Marryat*
v. *Marryat, 23 L. J. Ch. 876 ; Hughson* v. *Cookson, 3 Y. & C. Exch. 578 ; Gen.
Mut. Ins. Co.* v. *Benson, 5 Duer 168 ; Van Wart* v. *Price, 14 Abb. Pr. 4, note ;
Hauenstein* v. *Kull, 59 How. Pr. 24 ; Wing* v. *Bull, 38 Hun 291 ; Hubbard* v.
*Burrell, 41 Wis. 365 ; Piatt* v. *Oliver, 2 McLean 267, 307 ;* see *Hunt* v. *Peacock,
11 Jur. 555 ; Power* v. *Hathaway, 43 Barb. 214.*

But where a breach of trust is alleged, all the beneficiaries, it seems, must
be joined, although the interest of each is fixed (disapproving, *pro tanto,
Perry* v. *Knott, 5 Beav. 293), Lenaghan* v. *Smith, 2 Phil. 301 ; Williams* v.
*Powell, 2 Phil. 329 ; Munch* v. *Cockerell, 8 Sim. 219, 231 ;* see *Kellaway* v. *John-
son, 5 Beav. 319 ; Hall* v. *Austin, 2 Colly. 570 ; Ling* v. *Coleman, 10 Beav. 370.*

The court will intercede, and protect the interests of the absent party, *Drew*
v. *Harman, 5 Price 319 ; Sherman* v. *Burnham, 6 Barb. 403.*—REP.

The bill further alleges that Emma E. Speakman died in May, 1887, and that the defendant, Tatem, now refuses to recognize the complainant as a *cestui que trust*, and pay to him any of the income of the trust fund, or give him any information as to the amount and character of the trust estate, and it prays that the defendant may render an account of all the property and estate that was conveyed to him by the deed of trust, and the amount, character and value of it, not only at the date of the deed but also at the death of Mrs. Speakman, and that he may be decreed to pay to the complainant that which is justly due to him by the terms of the trust deed.

The demurrer, in the first place, raises the question whether the three children of Emma E. Speakman, that is, William, Henry and Howard Speakman, should be parties to the suit.

The accounting sought by the bill will involve an inquiry into the details of the trustee's dealings with both real and personal property for a period of about twenty-one years, and, as well, some investigation into the affairs of the estate of John Draper. Unless the remaining *cestuis que trustent* are made parties to the suit, they will not be bound by the accounting had in it, nor will they be bound by the ascertainment of the moneys that shall be decreed to be paid to the complainant. If the complainant may maintain his suit against the defendant without joining the other *cestuis que trustent* as parties to it, then each of the other *cestuis que trustent* may in turn maintain a like suit, and the trustee may be harassed by the repeated labor and uncertainties of four accountings and the insecurity of the separate ascertainment of the fractional shares of income to be paid by him.

It is the aim of equity to decide and settle the rights of all persons interested in the subject-matter of a suit, not only for the purpose of making decrees that can be safely executed by those who are compelled to obey them, but also for the purpose of preventing future litigation. *McLaughlin* v. *Van Keuren, 6 C. E. Gr. 379; Story Eq. Pl.* § *72; Mitf. & T. Pl. & Pr. 256.*

Where a trustee is called upon to account for the trust moneys, all the *cestuis que trustent* should be made parties to the suit,

that there may be a single accounting, and that all parties interested in it may be bound by it.

The case of *Hanne* v. *Stevens, 1 Vern. 110,* is directly in point with this case. There, one of the *cestuis que trustent* filed a bill against the trustee for an account, and, upon its being objected by plea that the other two *cestuis que trustent* should be parties to the suit, the plea was allowed, " for otherwise," says the report, " he might be thrice called to account for the same matter."

This case does not seem ever to have been questioned. It is cited approvingly in *Calv. Part. 211,* and to support the text in *Story Eq. Pl. § 210,* where it is stated that where there are several *cestuis que trustent,* because of their community of interest and for the prevention of litigation, all should be made parties to a bill touching the common interest.

In this State, in *Vanderpool* v. *Davenport, 2 Gr. Ch. 120, 122,* Chancellor Vroom, upon objection for want of parties, indicated the practice of this court when he said : " Catharine King and Alexander Mulford are not interested in the distribution of the estate, or in the account to be taken. If they were, it would be necessary to make them parties, so that *only one account might be taken,* and one distribution made. This principle is strictly adhered to."

The cases to which counsel for complainant has referred me are not in conflict with the principle I have stated. They hold that where one of several *cestuis que trustent,* entitled to a certain share of a certain sum, seeks to recover from the trustee his share of that sum, he need not make the owners of the remaining shares parties to the suit.

The first case is *Smith* v. *Snow, 3 Madd. 10.* There, the complainant was entitled to an undivided one-seventh of an ascertained sum in the hands of trustees, and sued to have that seventh transferred by the trustees to him, making the owners of the other six-sevenths parties to the suit, and upon demurrer by the persons thus joined, because the bill failed to show an equity against them, Sir John Leach, vice-chancellor, said : " The question is, whether a party who is entitled to *a certain*

*aliquot proportion* of a *certain ascertained sum* can file his bill to have it transferred to him without making the persons entitled to the other aliquot shares of the fund parties."

In *Hutchinson* v. *Townsend, 2 Keen 675,* there were three ascertained sums in the hands of trustees for four persons, and one of those persons sued for his one-fourth thereof without making the owners of the remainder of the sums parties. Upon the hearing of the case on demurrer for want of parties, Lord Langdale, M. R., said that it would be very inconvenient to encourage suits of this description, but considering the decision in *Smith* v. *Snow* and that these funds had been "*distinctly appropriated,*" he must overrule the demurrer. He added, however, that he would be very sorry to see suits generally constituted as this was.

In *Perry* v. *Knott, 5 Beav. 293,* £1,000 was given to trustees to pay the income to Elizabeth Howell for her life, and, upon her death, to divide the principal among her children in equal shares. The trustees permitted the life-tenant to use the principal. At her death one of her two children sued for his half of the thousand pounds. The question was whether the representative of the other child was a necessary party to the suit, and Lord Langdale said, "As to the next point, I conceive this to be a *distinct demand* for *a distinct aliquot part of* a *distinct sum,* and, upon authority of *Smith* v. *Snow,* I think that the representative of William Howell is not a necessary party."

It is not necessary to refer to other cases of this class. Those that I have cited serve to show that they proceed upon the ground that an accounting to ascertain trust funds in which all the *cestuis que trustent* are interested is not involved. They deal with ascertained sums, and they do not contemplate the possibility of insecurity in obedience to the decree that may be made. It is quite apparent that in this suit the children of Mrs. Speakman should be parties, for here there must be an accounting to ascertain both the trust fund and the income thereof, consequently, upon this objection for want of parties, the demurrer must be allowed.

. The second ground of demurrer, that the bill does not show sufficient matter of equity to entitle the complainant to the relief sought, was not insisted upon at the hearing. The equity of the bill is too plain to admit of any doubt. *2 Lew. Trusts 291; Pom. Eq. Jur.* §§ *1062, 1063; Ad. Eq. 61; Jer. Eq. Jur. 523.*