CATHERINE M. CALLAHAN, complainant-respondent,

*v.*

FEDERAL TRUST COMPANY, a corporation of the State of New
Jersey, and GEORGE M. RYAN, individually and as execu-
tors of the estate of Ellen A. Ryan, deceased, and MARY
B. RYAN, defendants-appellants.

[Argued May 24th, 1939.   Decided September 22d, 1939.]

*Mr. David T. Wilentz (Mr. Sidney R. Pine,* of counsel), for the complainant-respondent.

*Messrs. Lindabury, Steelman, Zink & Lafferty (Mr. William Rowe,* of counsel), for the defendants-appellants Federal Trust Company and George M. Ryan, individually and as executors of the estate of Ellen A. Ryan.

*Mr. Samuel Koestler,* for the defendant-appellant Mary B. Ryan.

The opinion of the court was delivered by

PORTER, J.

The appeal is from several orders advised by Vice-Chancellor Stein. For convenience they will be considered together.

The complainant-respondent seeks to set up a trust fund of all of her deceased mother's estate on the allegation that some years ago her parents entered into a verbal agreement to the effect that they would each leave their property to the other for life, remainder to be equally divided among their eight children. That in pursuance with that agreement they executed mutual wills in 1918. That thereafter, on November 20th, 1926, her father died leaving a will later than the 1918 one, but in substantial compliance with the alleged agreement. That her mother died December 26th, 1937, leaving a will which is not in accordance with the agreement. In this will she leaves all of her property to her daughter Mary B. Ryan, defendant-appellant, and names her son, George M. Ryan and Federal Trust Co. as executors, both also being defendants-appellants. That all of the eight children survived their mother and are still alive. Several of them unsuccessfully sought to prevent the probating of their mother's will by filing a caveat in the orphans court of Union county. The sole complainant is Catherine M. Callahan, though in support of her bill she has the affidavits of a brother and a sister not parties to the suit. It is of course true, as alleged in the bill, that all of the eight children are equally

the beneficiaries of the alleged agreement. It seems to us obvious from the facts as disclosed by the record before us that the eight children (except perhaps one, of whom more later) are divided into two divergent groups concerning this controversy: Mary and George on the one side seeking to defend and make effective the will of their mother; and not only the complainant Catherine, on the other side, but her other five brothers and sisters who are not parties to the suit but who are apparently at one with her in seeking to invalidate their mother's will and to set up a trust fund of the estate in which they would each have an eighth interest in accordance with the alleged agreement between their parents.

The defendants moved before the vice-chancellor for certain relief which was denied. There were five separate motions which were referred to in the opinion of the learned vice-chancellor as follows: "The orders appealed from deny the defendants' motion (1) to strike the bill of complaint; (2) to strike the bill of complaint and supplemental bill; (3) to dismiss the bill and supplemental bill; (4) restraining *pendente lite* Federal Trust Company and George M. Ryan individually and as executors of the last will and testament of Ellen A. Ryan, deceased, and the defendant Mary B. Ryan from distributing or otherwise disposing of any of the properties and assets owned or possessed by the said Ellen A. Ryan at her death, except that the Federal Trust Company and George M. Ryan as executors have leave to pay from the assets in the ordinary course of the administration, lawful debts of said decedent and to pay such charges as are reasonably necessary for the conservation of said estate, and (5) denying the motion of the defendants to stay the proceedings on the part of the complainant."

The vice-chancellor found that such an agreement as is alleged in the bill will be enforced in equity against the estate of the survivor by impressing a trust upon the assets, citing *Tooker* v. *Vreeland, 92 N. J. Eq. 340* (and cases there cited); *affirmed, 93 N. J. Eq. 224.* He also pointed out that the motions to strike had the effect of admitting the allegations of the bill which sufficiently set forth a cause of action in equity. We think that he was right in so holding.

We also agree with him when he says that the motions are "predicated primarily upon the non-joinder by the complainant, either as complainants or defendants of the remaining children of the said Ellen A. Ryan, deceased." But we conclude that he fell into error in holding that the remaining children of Ellen A. Ryan, deceased, were not necessary and indispensable to a complete determination of the issue. His view was that the remaining children are necessary only when interested in the object of the suit and not when they are merely interested in the subject-matter. His thought was that the remaining children would only be interested in the event that Catherine should prevail and that they could then be brought in as parties by direction of the court, if necessary.

The object of the action is to establish that not only the complainant, but all eight of the Ryan children shall each have an equal share in the trust fund to be set up under the allegations in the bill. If the complainant succeeds she cannot alone reap the benefits; she is not alone in interest. The object of the action is to secure for all of the interested parties what complainant contends for. It is quite evident, as already indicated, that at least four of the five children not made parties are in accord with the complainant, because they either filed affidavits to support her position in this suit or filed caveats against the probating of the will. The only one of the Ryan children whose position is not indicated by the record before us is Edward J. Ryan. As one of the Ryan children he is, none the less, an interested and necessary party.

We conclude that Mary B. Ryan is entitled to have this action made dispositive of the issue raised and effective on all the parties concerned.

All these children are interested and necessary parties. Equity should therefore invoke the well settled principle that when it undertakes to settle a question at issue it should do so effectively and permanently by bringing before it all parties necessary to accomplish that purpose. *Speakman* v. *Talem, 45 N. J. Eq. 388; Broad Street National Bank* v. *Holden, 109 N. J. Eq. 253; Kempton* v. *Barline, 59 N. J. Eq. 149.*

The result is that the decrees must be modified by a stay

of the proceedings until the complainant brings in her five remaining brothers and sisters either as parties complainants or as parties defendants.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.