39 N.J. Super. 486 (1956)
121 A.2d 423
SAMUEL GARNICK, PLAINTIFF,
v.
SOLOMON AND REBA SEREWITCH, ELEANOR L. KNOX, ANN CODY, MARGARET E. TILTON, GOLDIE PERSKIE, LEONARD PERSKIE, FOR HIMSELF AND ALL THE REMAINING CHILDREN OF JACOB PERSKIE, SARA NEWHOFF, GUARANTEE BANK & TRUST COMPANY, TRUSTEE UNDER THE WILL OF BRINKLE GUMMEY, MILLAD REALTY CO., GEORGE R. AND LILLIAN O. SWINTON, HERBERT WAIDE HEMPHILL, TRUSTEE UNDER THE WILL OF EMMA BRADLEY HEMPHILL, ROSE AND LOUIS LAVINE, VASCO MIHICH AND HELEN M. PRICE AND MARTA MIHICH, RUTH L. KATZ, JOSEPH O'NEILL, MARIA PALMER, ALBERT N. SHAHADI AND JOY SHAHADI. ONE FOURTEEN COMPANY, SUSAN ACKERMAN, JACOB AND JENNIE LEVENTON, FLORENCE P. SNYDER, LILLIAN BRUNSTEIN, JOSEPH AND HENRIETTA GANN, EDWARD POLIN, ISADORE AND KATE BIRNBACH, PEARL AND SAMUEL BERGER, ISRAEL AND LEAH WITSKY, SIMMA BLANK, CHARLES AND REBECCA SCHREIBMAN, ROSE PAULL, SAMUEL AND LILLIAN GLASS, MARY J. LAFFERTY, MAY RAEDY AND KATHERINE C. RAEDY, JOINTLY AND SEVERALLY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 1, 1956.
*489 Mr. Herbert H. Gorson, attorney for plaintiff.
Mr. David M. Perskie (Messrs. Perskie & Perskie), attorneys for defendants Perskie.
*490 Mr. Allen B. Endicott, 3rd (Messrs. Endicott, Dowling & Endicott), attorney for defendant Herbert Waide Hemphill.
Mr. John R. Armstrong (Messrs. Kirkman, Mulligan & Harris), attorney for defendant Eleanor L. Knox.
Mr. Maurice Y. Cole (Messrs. Cole & Cole), attorney for defendant Guarantee Bank and Trust Company.
Mr. Albert N. Shahadi, attorney for defendants Shahadi, and Pearl and Samuel Berger.
Mr. Murray Fredericks, attorney for defendants George R. and Lillian O. Swinton.
Mr. Harry Gottlieb (Messrs. Cassman & Gottlieb), attorney for defendants One Fourteen Company, and Isadore and Kate Birnbach.
Mr. Daniel DeBrier, attorney for defendants Jacob and Jennie Leventon.
Mr. Arthur F.L. Hemmersley, attorney for defendants Maria Palmer and Sara Newhoff.
Mr. Marvin Z. Wallen, attorney for defendants Joseph and Henrietta Gann.
HANEMAN, J.S.C.
Plaintiff herein filed a complaint seeking the construction of a restrictive covenant contained in a conveyance in his chain of title, by way of a declaratory judgment under N.J.S. 2A:16-50 et seq.
The matter was submitted to the Court upon a stipulated statement of facts. The pertinent facts in connection herewith are as follows:
Plaintiff is the owner of a vacant tract of land situate on the northeast corner of Raleigh and Atlantic Avenues, in the City of Atlantic City. He obtained title by deed dated July 10, 1951. In his chain of title there appears a restrictive *491 covenant imposed by a predecessor in title, Samuel Bell, Jr., et ux., et als., in a deed to one William McLaughlin, dated July 19, 1899 and recorded in Book 234, page 11 in the Atlantic County Clerk's office. Inter alia, this restrictive covenant provides as follows:
"That no building, except for cottage resident purposes, or hotels and drugstores, shall be erected on any part of said land."
It is admitted that the restrictive covenant was a part of a neighborhood scheme. There are included in the area encompassed within this neighborhood scheme at least 80 other owners of parcels of land, hereafter referred to as covenantees.
On September 10, 1952 plaintiff obtained a building permit from the Superintendent of Buildings of the City of Atlantic City to erect two two-family apartment buildings on the premises here involved, and actually undertook the construction of said buildings. Being then met by an objection from defendant Sara Newhoff that the construction as so undertaken violated the terms of the restrictive covenant, he discontinued said construction.
Some time during the year 1955 plaintiff, through his attorney, mailed registered letters to be delivered to addressees only, return receipt requested, to those persons named as owners of property in the Atlantic City Tax Office in the area encompassed within the neighborhood scheme, and advised those owners that he intended "to construct on said premises a building containing 12 efficiency apartments, together with an open area to be used by the apartment residents for parking facilities." Needless to say that the plaintiff construed the aforementioned restrictive covenant as giving him the right to build. The letter further read as follows:
"It is our view that the proposed construction will not be in violation of a restrictive covenant imposed in 1899 for the benefit of those plots in the neighborhood plan.
If you, as the owner of a plot in the neighborhood plan, take a contrary view and if you wish to object to the proposed construction and/or use, please notify us forthwith by registered mail.
*492 Your silence will be deemed a consent to our entry into contracts to construct and our said construction at said premises and our use of same for said purposes."
Plaintiff's attorney received 73 return receipts from the addressees and seven of the letters were returned as undelivered. The present complaint was thereupon filed, joining as defendants only those persons who had expressed any objection to the plaintiff's interpretation of the restrictive covenant. The owners of 14 premises have filed answers. The owners of 17 premises who expressed a contrary view to that of the plaintiff in answer to his letter, and who were joined as defendants, filed no answers.
Although it does not appear how many of the premises are encumbered by mortgages, at least two of the premises owned by answering defendants are so encumbered. Neither these two mortgagees nor any other mortgagees (hereafter also referred to as covenantees) were joined as defendants to this action.
Some time prior to the institution of this suit plaintiff had placed upon said premises a sign of the Albert M. Greenfield Company, realtors, advertising the premises for sale, which said sign continued on said premises until several days after the pretrial conference here held. Shortly before the filing of the complaint herein, plaintiff as well had erected on the premises a sign advising of his intention to erect a building containing 12 efficiency apartments. The plans for the construction of the intended building, as introduced as an exhibit, consisted of a first floor plan of a two-story building which plaintiff allegedly intended to erect. It demonstrates that each apartment will contain a living room, dining area, a bedroom, kitchen and bath. Plaintiff states that the plan of the second floor will be the same as the plan of the first floor, as above described. Except for this floor plan, there have been no other plans or specifications prepared for the proposed construction. The absence of such further plans and specifications is explained by the plaintiff by his statement that further preparation is withheld pending the determination of the present suit. No bids have been solicited *493 or received for the construction of the apartments nor has any application been made for a building permit to the City of Atlantic City.
Inter alia, the defendants object to the judgment here sought on the ground that the court should decline to so grant the relief because of the failure to join all necessary parties.
It is to be noted at the outset that the plaintiff has not joined as defendants all of the owners of parcels of land within the tract encompassed within the neighborhood scheme, nor has he joined any of the mortgagees. Apparently, by means of the letters which he wrote to the owners, he has attempted to obtain an expression of opinion in advance of any actual undertaking to build, and to read into the failure to reply to those letters the acquiescence or consent to that which he announced he intended to do.
We are not here concerned with an actual affirmative consent from any of the other covenantees within the tract, but rather with the theory that implicit in the failure to answer plaintiff's letters is a consent to plaintiff's construction of the restrictive covenant. Plaintiff argues that the nonanswering letter recipients do not bear an adversary status to plaintiff's contention, and that he therefore could not properly have joined them as parties defendant. By inference, at least, he places the seven addressees who failed to receive his communication in the same category as the nonanswering recipients. Reduced to a simple expression, the plaintiff insists that only those who have expressed disagreement by letter with his interpretation of the restrictive covenant need and can be joined as adversary parties defendant, and that the balance of the covenantees are neither proper nor necessary parties. He cites as authority for this contention DiFabio v. Southard, 106 N.J. Eq. 157 (Ch. 1930). When analyzed, the cited case does not hold as he would interpret it. What that case holds, in effect, is that there being another remedy available to the plaintiff by way of a suit for specific performance against a person not made a party to the action for a declaratory judgment, he is precluded *494 from bringing an action for a declaratory judgment. Whether the same conclusion would have been now reached is doubtful in the light of Utility Blade & Razor Co. v. Donovan, 33 N.J. Super. 566 (App. Div. 1955), and R.R. 4:92A.
The first question to be settled is whether the omitted covenantees are proper parties defendant. The failure of the recipients of the letters to reply thereto cannot be taken as an acquiescence in plaintiff's construction of the restrictive covenant. Nor can it be presumed that they were not possible adversaries. There was no duty upon them to reply. Their silence is not admissible as evidence of an admission of the accuracy of plaintiff's statement, Hand v. Howell, 61 N.J.L. 142 (Sup. Ct. 1897), affirmed 61 N.J.L. 694 (E. & A. 1898); State v. MacFarland, 83 N.J.L. 474 (E. & A. 1912); 4 Wigmore on Evidence, sec. 1073, p. 92, and cannot be solely relied upon to have them declared not to be proper parties. The failure to have answered plaintiff's letter does not prevent those persons so failing to answer from being considered proper parties.
A few statements of fundamental relationships and rights of covenantees under a neighborhood scheme should, at the outset, be repeated.
The rights of the parties to a neighborhood scheme arise out of contract. Lister v. Vogel, 110 N.J. Eq. 35 (E. & A. 1932); Houston Petroleum Co. v. Automotive, etc., Ass'n, Inc., 15 N.J. Super. 215 (App. Div. 1951), reversed on other grounds 9 N.J. 122 (1952); Casriel v. King, 141 N.J. Eq. 515 (Ch. 1948), affirmed 2 N.J. 45 (1949); Weinstein v. Swartz, 3 N.J. 80 (1949); Rankin v. Brown, 142 N.J. Eq. 180 (Ch. 1948).
The individual covenantees are considered as several promisees of the contract arising from a restrictive covenant in a neighborhood scheme and have, individually and severally, the right to bring suit to enforce the terms of such restrictive covenant. Bowen v. Smith, 76 N.J. Eq. 456 (Ch. 1909); Speidel v. Weiner, 129 N.J. Eq. 434 (E. & A. 1941).
*495 The said covenantees have as well a joint common right to seek the enforcement of the provision of the restrictive covenant if they desire to join together as plaintiffs. Henderson v. Champion, 83 N.J. Eq. 554 (Ch. 1914).
There is available to plaintiff to obtain the relief here sought, in addition to N.J.S. 2A:16-50 et seq., a proceeding under N.J.S. 2A:62-20, commonly referred to as an action to quiet title but which is, in effect, an action for a declaratory judgment. The availability of this alternative or cumulative form of relief is no bar to the present action, nor is it referred to for that purpose. Utility Blade & Razor Co. v. Donovan, 33 N.J. Super. 566 (App. Div. 1955); R.R. 4:92A. The existence of N.J.S. 2A:62-20 is important, however, insofar as it may have a related bearing upon the question now under consideration.
Under N.J.S. 2A:62-20 it has been held that where it is sought to question the existence or validity of restrictive covenants in a deed, it is sufficient to show the existence of an alleged restrictive covenant in a deed in plaintiff's chain of title and it is unnecessary to allege that a defendant asserts a hostile claim. All that is required is that the plaintiff demonstrate that it is claimed that there is some hostile outstanding right. City of Paterson v. Schneider, 31 N.J. Super. 598 (App. Div. 1954). By analogy, the same reasoning must apply to an action for a declaratory judgment concerning restrictive covenants in deeds. The actions basically seek the same relief, i.e., a construction of the restrictive covenant. To hold otherwise might in any event result in a denial to plaintiff of the right to obtain a construction of such a covenant. Following plaintiff's argument, that the persons not joined are not adverse parties, to its logical conclusion, it would result that all that the other covenantees would have to do to prevent plaintiff from obtaining the right to commence such an action would be to refuse to express an opinion as to the construction of the covenant. The absurdity of such a proposition is self-evident upon its mere statement.
*496 In addition, N.J.S. 2A:16-56 provides as follows:
"When declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding." (Italics supplied)
In the light of this provision, plaintiff's argument must fail since it is bottomed upon his assumption that defendants must affirmatively express or claim some interest. The statute, in exact language, provides that not only those who so "claim" but as well those who "have" any interest must be made defendants. All of the fee owners and mortgagees "have" such an interest by the very existence of the restrictive covenant.
A mortgage is a lien or an interest in realty. Feldman v. Warshawsky, 125 N.J. Eq. 19 (E. & A. 1938); Cauco v. Galante, 6 N.J. 128 (1951). It follows that not only all of the fee owners but the mortgagees as well have an interest in the realty which would be affected by the declaration.
It is, therefore, held that all of the covenantees were here at least proper parties defendant and there is no reason that they could not have been joined.
It becomes important to determine whether they were not only proper but as well necessary or indispensable parties.
"There is no prescribed formula for determining in every case whether a person or corporation is an indispensable party or not." Niles-Bement-Pond Co. v. Iron Moulders' Union, 254 U.S. 77, 41 S.Ct. 39, 41, 65 L.Ed. 145 (1920). It must be recognized that practical considerations are not without importance in ascertaining the indispensability of parties. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868 (1955); Finley v. Factory, etc., Ins. Co. of America, 38 N.J. Super. 390 (Law Div. 1955). Each case must depend upon its own facts and circumstances. "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience" are *497 indispensable parties. Shields v. Barrow, 17 How. 129, 58 U.S. 129, 15 L.Ed. 158 (1855). All persons who may be affected by the relief sought or who are interested in the object of the suit are generally deemed necessary parties. Woulfe v. Atlantic City Steel Pier Co., 129 N.J. Eq. 510 (Ch. 1941); Steelman v. All Continent Corp., 121 N.J. Eq. 218 (Ch. 1937).
It is also a well settled principle in equity that when the court undertakes to settle a question at issue it should do so effectively and permanently by bringing before it all parties necessary for that purpose. Callahan v. Federal Trust Co., 126 N.J. Eq. 311 (E. & A. 1939); Broad Street National Bank v. Holden, 109 N.J. Eq. 253 (Ch. 1931); Killeen v. Killeen, 141 N.J. Eq. 312 (E. & A. 1948); Speakman v. Tatem, 45 N.J. Eq. 388 (Ch. 1889); Schuler v. Southern Iron & Steel Co., 77 N.J. Eq. 60 (Ch. 1910).
This principle should not be so expanded as to leave the parties remediless. The rule that all parties having an interest in the subject matter must be joined is not inflexible but is rather a rule of convenience which will be controlled and regulated in the discretion of the court. Thus, where the parties are very numerous and their joinder would cause such unnecessary expense that to burden a plaintiff with it would amount to a denial of the aid of the court, it may be dispensed with. Johnes v. Outwater, 55 N.J. Eq. 398 (Ch. 1897). The complaint contains no averment of the existence of such facts or of such a result.
The argument that the rights of those not joined as defendants would not be affected by an adjudication, both by reason of express statutory mandate N.J.S. 2A:16-57 and fundamental legal principles, does not warrant of itself a non-joinder as here objected to. Although it must be conceded that persons not parties to the proceeding are not bound by the judgment, the court may decline to make a declaration where such persons not so bound could later raise the same issue and deprive the judgment of that final and pacifying function or tranquilizing effect which it is calculated to subserve. Borchard, Declaratory Judgments (2d ed. *498 1941), p. 256. Our rules demonstrate, by the liberality with which causes of action as well as parties may be joined, the abhorrence to multiplicity of suits and the desired objective, whenever possible, to terminate all future litigation in one action. R.R. 4:30 et seq., 4:31 et seq., 4:32 et seq., 4:33 et seq., 4:34, 4:35, 4:36 et seq., 4:37 et seq. See also Ertag v. Haines, 30 N.J. Super. 225 (Law Div. 1954); Brown v. Christman, 75 U.S. App. D.C. 203, 126 F.2d 625 (Ct. App., D.C. 1942).
The purpose of the Declaratory Judgment Act is to "settle and afford relief from uncertainty and insecurity" and "the court may refuse to render or enter a declaratory judgment when, if rendered or entered, it would not terminate the uncertainty or controversy giving rise to the proceeding." N.J.S. 2A:16-51 and 61.
The very language of the act makes the balance of the owners necessary or indispensable parties. Absent such parties, there cannot be a final conclusive adjudication of the rights of all of the parties to the contract. There would be no final termination of the uncertainty or controversy here present, since covenantees not joined could raise identical issues.
"The absence of parties the court deems necessary to this tranquilizing function would thus cause the declaratory action to fail of its purpose, so that the court is likely to dismiss without prejudice an action in which necessary parties have failed of joinder. Besides, it might prejudice the interests of the absent parties, a prejudice which Section 11 of the Uniform Act, codifying the common law, prohibits * * * Any suggestion, of course, that interested persons could be bound by a judgment in a proceeding to which they were not parties would encounter constitutional objections, but although this is conceded, courts properly decline to make declarations between parties when others, not bound, might later raise the identical issue and deprive the declaration of that final and pacifying function it is calculated to subserve." Borchard, Declaratory Judgments, p. 256.
The plaintiff here does not seek to ascertain the effect of the restrictive covenant in one section of the tract, but rather in the entire tract. He does not assert that the restriction *499 is ineffective because of abandonment, but rather that the basic construction is as he urges. This would affect every owner in the tract.
If plaintiff is right in his contention that he may join as defendants less than all of those persons affected by the restrictive covenant, it must follow that he could select one instead of 31, as he has here done. The principle is the same, so long as it involves a joinder of any number less than the total so affected, under the facts as pleaded.
A contract may not be construed in the absence of a party thereto. Weissbard v. Potter Drug & Chemical Corp., 6 N.J. Super. 451 (Ch. Div. 1949), affirmed 4 N.J. 115 (1950); Finley v. Factory, etc., Ins. Co. of America, 38 N.J. Super. 390 (Law Div. 1955). Under the language of the act and the decisions interpretive thereof, since the plaintiff seeks the construction of a contract, all parties thereto are necessary parties.
Plaintiff has affirmatively stated on oral argument that which must be self-evident from the pleadings, i.e., that this is not a class or representative suit, although he now argues that it might be considered such an action. It cannot be said that this is a class action nor that the omitted covenantees are represented by those who have joined as defendants under the facts as pleaded.
The difficulty which confronts the plaintiff in any such contention is that the complaint lacks any allegation that the persons constituting the class are so numerous as to make it impracticable to bring them all before the court, nor is the complaint framed as a class action.
It must be recognized that the courts have liberalized the concept of the availability of actions for declaratory judgments in more recent years. Such an action is particularly fashioned to obtain the construction of restrictive covenants  a result most desired, since it furnishes an opportunity to a covenantor to obtain an authoritative ruling on his claim without endangering his position by undertaking hazardous operative acts. Borchard, Declaratory Judgments, at p. 585, states:
*500 "The opportunity thus to rest the legal issue before acting upon his own view of his rights avoids a possible breach of contract, forfeiture, ejectment, torts of various kinds, grave uncertainty, and the public and private inconvenience attending interference with private or public improvements. The value to all parties of having the title cleared expeditiously and inexpensively in advance of drastic action and making unnecessary a risky adventure requires no emphasis."
However, the desire to make such a remedy readily available should not override the basic right of a party in interest to be accorded his day in court and to avoid the possibility of the vexations of a multiplicity of suits. It is no answer to state that his interest might be protected by a defendant who has a similar interest, nor that the plaintiff may more cheaply obtain justice by the non-joinder of some admittedly interested parties. We should not permit the desire to make a remedy available at reduced costs to eradicate the basic concept that all parties whose rights are to be affected must be before the court before an adjudication can be obtained, and that issues should be laid to rest if at all possible in one suit. We are more concerned with substantial justice and the end of litigation than bargain basement costs.
If plaintiff is now seriously contending that either this is strictly a class action or that the owners and mortgagees constitute a class which is so numerous as to make it impracticable to bring them all before the court, it is more consistent with good pleading that such an allegation, with substantiating facts, be made in the complaint.
It is, therefore, here held that under the very language of the statute and general equity principles, all of the owners and mortgagees in the tract are proper and necessary parties.
The complaint will not now be dismissed, but leave will be granted the plaintiff to amend his complaint by joining all owners and mortgagees in the tract affected by the restrictive covenants, by a short day to be fixed on argument, or in such manner as he may see fit to join a less number. The propriety of joining a less number will be passed upon when and if concrete allegations have been made by him seeking to substantiate such a course of action.
*501 In the light of the foregoing, it will not be necessary to now pass on the other issues raised.
Judgment will be entered accordingly.