R. O. SMITH, Plaintiff and Respondent,

v.

AMERADA PETROLEUM CORPORATION, a corporation, Defendant and Appellant.

No. 8219.

Supreme Court of North Dakota.

July 28, 1965.

Rehearing Denied Aug. 17, 1965.

R. O. Smith, Bismarck, for plaintiff and respondent.

Cox, Pearce, Engebretson, Murray & Anderson, Bismarck, and John S. Miller, Tulsa, Okl. [on oral argument], for defendant and appellant.

STRUTZ, Justice.

On August 11, 1949, Maryan Sather, a widow, and Oscar Sather, a single man, executed an oil and gas lease covering certain properties in Mountrail County. The properties covered by this lease consisted of two noncontiguous parcels totaling 640 acres. The lease executed by the Sathers contained an entirety clause, which was in the following words:

> "10. If the leased premises shall hereafter be owned in severalty, or in separate tracts, the premises nevertheless, shall be developed and operated as one lease and all royalties accruing hereunder shall be treated as an entirety and shall be divided among and paid to such separate owners in the proportion that the acreage owned by each such separate owner bears to the entire leased acreage. * * *"

This lease contained the usual provisions for the payment to the lessors as royalty of one-eighth of the oil and gas produced and saved, one-eighth of the proceeds from the sale of gas, and one-eighth of the market value at the well for any gas used off the premises or used in manufacturing of gasoline and other products. This 1949 lease, which will be referred to hereafter as the "original lease," was acquired by the defendant, Amerada Petroleum Corporation, shortly after its execution.

The plaintiff, Smith, was not a record owner of any interest in the premises at the time of the execution of this original

lease. Subsequent to its execution, however, Oscar Sather, one of the lessors in the original lease, conveyed to the plaintiff by mineral deed an undivided one-fourth interest (40 acres) in and to all oil, gas, casinghead gas, casinghead gasoline, and other minerals in and under and that may be produced from a certain 160-acre tract included in the original lease.

Just prior to the giving of the mineral deed by Oscar Sather to the plaintiff, and in anticipation thereof, the plaintiff executed a separate lease covering his interest in the 160-acre tract which he received from Oscar Sather. The plaintiff admits that, when his separate lease covering his interest in the 160-acre tract was executed, the provisions of the original lease containing the entirety clause, given by Maryan Sather and Oscar Sather, became ineffective and inapplicable to his interest in such tracts, and remained inoperative, so far as the plaintiff is concerned, for the entire life of the plaintiff's separate lease. However, the plaintiff further contends that, when his separate lease expired by reason of the defendant's discontinuing payment of rentals under its provisions, the provisions of the original lease with its entirety clause again became effective and applicable to the plaintiff's interest. The defendant, on the other hand, alleges in its answer that, when the plaintiff executed his separate lease, the separate lease became the only lease covering plaintiff's interests, and its execution by the plaintiff and the acceptance of delay rentals under its provisions amounted to a repudiation of the original lease so far as plaintiff's interests were concerned.

When the defendant refused to permit the plaintiff to participate in the benefits under the original lease after the expiration of the separate lease, the plaintiff brought this action to compel payment by the defendant to him of such benefits as his interest appears. The defendant refused to make such payments, contending that the plaintiff, by executing a separate lease covering his interest in this property, waived any rights which he had had under the entirety clause of the original lease; that the plaintiff, by his own voluntary action in executing such separate lease, substituted the rental payments received under his separate lease in lieu of his right to participate in the benefits due under the original lease. Defendant further points out that, while the plaintiff's separate lease remained in force, all of the proceeds due under the original lease were paid by defendant to the remaining persons interested under the original lease; that, when the plaintiff's separate lease expired, his rights under the original lease were not revived. When the plaintiff made demand for payment under the entirety clause of the original lease, the defendant withheld payments to the other owners under the original lease of the amounts to which the plaintiff would be entitled if his claims were upheld. The other owners of interests under the original lease thereupon notified the defendant that they were demanding payment under the original lease on the same basis on which they had been paid after the plaintiff had executed his separate lease, and after the plaintiff had waived his rights to benefits under the entirety clause of the original lease.

The defendant, in its answer, also prayed that the court determine not only the rights and interests of the plaintiff, but further determine the rights of all persons whose interests under the provisions of the original lease might be affected by the decision of the court on the plaintiff's claim, and that, in order to determine the rights of all parties, such persons be found by the court to be necessary parties to the plaintiff's action and that the plaintiff be required to bring such persons into this action as additional parties; that thereupon the rights and interests of the plaintiff and such additional parties be finally determined and adjudicated by a proper decree; and that the defendant, by such action, be protected against possible double liability which might be occasioned by payment of any benefits to a wrong party un-

der the original lease. Thus it is the defendant's position that a final and complete determination of the rights of all of the parties under the original lease can be made only if all persons interested in the benefits under such lease are made parties and brought before the court in this action.

After the service of the defendant's answer, the plaintiff served five interrogatories upon the defendant which were answered as required by the North Dakota Rules of Civil Procedure. Thereupon the plaintiff moved for a summary judgment on the pleadings and on the defendant's answers to the interrogatories, such motion being made on the ground that there was no genuine issue of fact to be determined in the action and that the plaintiff was entitled to judgment as a matter of law.

The trial court, after hearing motion for summary judgment, ordered judgment for the plaintiff. From the judgment entered the defendant has appealed, demanding trial de novo of all of the issues in this court.

The first question for us to determine on this appeal is whether persons who have interests in the property covered by the original lease have such an interest in this controversy that a final judgment cannot be made without affecting their rights, and that therefore a valid decree cannot be rendered without their presence as parties. Do the parties whom defendant demands be joined in this suit as necessary parties have such an interest in the subject matter of the action as to make them necessary parties under our rules? If their interests are not in any way affected by the decision in this case, then, of course, they are not necessary parties and the judgment of the trial court, on the question of necessary parties, must be affirmed.

■ This court has held that all parties who are materially interested in a suit or in the subject matter of an action should be made parties either as plaintiffs or as defendants, so that the court may grant full relief and adjust in one action the rights of all persons interested growing out of or connected with the subject matter of the suit. *Jester v. Jester*, 76 N.D. 517, 37 N.W.2d 879.

■ The answer to the question of whether the persons who have an interest under the original lease are necessary parties is, of course, dependent upon the division of rents, royalties, and income due the various owners and transferees of portions of the land or mineral interests under the original lease with its entirety clause. It is undisputed that, before the plaintiff acquired any interest in the property, the rights of the other parties interested under the entirety clause were fixed. When the plaintiff acquired his interests, the rights of such other parties, except the plaintiff's vendor, were not changed in any way. The plaintiff himself, as successor in interest to some of the interests of Oscar Sather, waived his rights under the entirety clause and executed a separate lease to Amerada. By this act, the plaintiff substituted his rights under the entirety clause for rental payments. The rights which the plaintiff normally would have had under the entirety clause did not, however, accrue to the other owners of interests under such entirety clause. There is no legal reason why they should receive more under the original lease than they had received before the plaintiff entered the picture, merely because the plaintiff made a separate lease with Amerada. The fact that Amerada paid the remaining owners the amount which would have gone to the plaintiff under the entirety clause of the original lease, had he not signed such separate lease, did not give such other owners any greater rights under their lease. And the fact that the plaintiff, on the expiration of his separate lease, now demands the sums which he might have had all the time, had he not entered into such separate lease with Amerada, will in no way affect the rights or interests of the other owners. Thus, since their interests will not in any

way be affected by plaintiff's demands, the other owners are not necessary parties to this suit.

■ A necessary party is one whose presence is essential to a determination of the controversy; it is one who has such an interest in the subject matter of the controversy that final judgment cannot be rendered by the court without affecting his interest. Therefore, all persons who may be affected by the relief sought, or who are interested in the object of the suit, are necessary parties. Garnick v. Serewitch, 39 N.J.Super. 486, 121 A.2d 423, 428.

■ Thus, to be a necessary party, a person must be so vitally interested in the subject matter of the suit that a valid judgment cannot be rendered without his presence as a party. Field v. Oberwortmann, 21 Ill.App.2d 578, 159 N.E.2d 27.

■ In this case, the interests of the other lessors are not adverse to the plaintiff's claim. The language of the original lease clearly and completely severs the interests of the respective lessors. Each is entitled to royalties in the proportion that his leased acres bear to the total acres leased. Under no circumstances would they be entitled to the royalties which would accrue to Smith's leased acres. They are not, therefore, necessary parties.

■ Having determined that the other owners are not necessary parties to the plaintiff's action, there remains no further question for us to consider on this appeal. The defendant has raised the question of the effect of the execution of the second lease by plaintiff on his interests under the entirety clause of the original lease, but failed to argue the point. The only question argued in the brief is whether the lessors other than Smith are necessary parties to this action. The appellant stated, both on oral argument and in its brief:

"* * * the real controversy is between plaintiff and the other royalty owners. Amerada is obligated to deliver up a one-eighth royalty under the Sather lease. How that one-eighth may be divided is of no concern to it. This is a matter which lies between the royalty owners."

Since the execution of plaintiff's second lease had no effect on the interests of such other royalty owners, and since the appellant argues no other question but that of necessary parties, the judgment of the district court is affirmed.

BURKE, C. J., and ERICKSTAD, KNUDSON and TEIGEN, JJ., concur.